[Crim. No. 15438. Second Dist., Div. Four. Dec. 30, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
CARL EDWARD KELLEY, Defendant and Appellant.

COUNSEL

Michael R. Palley, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gordon J. Rose, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

FILES, P. J.— A jury found defendant guilty of two counts of the offense of battery (Pen. Code, § 242) committed against two peace officers engaged in the performance of their duties. Inasmuch as a battery committed under such circumstances is a felony (Pen. Code, § 243) the court sentenced defendant to state prison.[1] He is appealing from the judgment.

---

[1]Penal Code section 243 (as it read January 7, 1968): "A battery is punishable by fine of not exceeding one thousand dollars ($1,000), or by imprisonment in the county

Los Angeles Police Officers Fiderio and Ferrand, the victims of the offenses, testified to the following effect.

At about 6:30 a.m., January 7, 1968, the officers, in uniform, patrolling in a marked police vehicle, drove to 23d Street and Normandie Avenue in response to a radio call "man down in a white Pontiac." They found a white Pontiac standing in the traffic lane of 23d Street next to the center line. The lights were off and the motor was running. Defendant was sitting in the driver's seat, his head resting against the window, apparently asleep. A half-pint whiskey bottle, about four-fifths empty, was lying on the seat. Twenty-third Street is a four-lane street. Another vehicle was parked in the lane between the Pontiac and the curb.

Officer Fiderio knocked on the car window and, when defendant opened his eyes, pointed to his badge and announced he was a police officer. Fiderio then asked defendant to step out. Defendant said he would, but appeared to drift back to sleep. The officers then managed to pull defendant out of the vehicle. Defendant was 29 years of age, 6'3" tall and weighed 210 pounds. Fiderio was 5'8" tall and weighed 145 pounds; Ferrand was 5'8" and weighed between 155 and 160.

Defendant stood facing his vehicle while he was patted for weapons. Officer Fiderio informed defendant he was under arrest for driving a motor vehicle under the influence of alcohol, and "gave him his constitutional rights." Defendant responded, " 'I ain't going anywhere,' " and turned around with his right fist cocked alongside the middle of his body. Believing defendant was about to attack him, Fiderio struck defendant with his wooden baton. Ferrand attempted a bar-arm hold under defendant's chin from behind. Defendant kicked at both officers, and then fell over backwards on top of Ferrand, who lost his hold. Defendant arose quickly, and, while Fiderio struck with the baton, defendant kicked him in the groin. As Fiderio doubled over, defendant seized him, threw him to the ground, took his baton and attempted to strike him with it, but Fiderio scrambled away. Then Officer Ferrand struck defendant with a baton and defendant returned the blow. At that point Fiderio drew his revolver and said, " 'Stop or I will shoot.' " Defendant was then taken into custody without further violence.

Defendant testified that he was not drunk, although he had consumed "about three-fourths of a half pint" of whiskey between midnight and the

jail not exceeding six months, or by both. When it is committed against the person of a peace officer or fireman, and the person committing the offense knows or reasonably should know that such victim is a peace officer or fireman engaged in the performance of his duties, and such peace officer or fireman is engaged in the performance of his duties, the offense shall be punished by imprisonment in the state prison for not less than 1 nor more than 10 years."

time of the arrest. He stopped the car because he was sleepy, but he saw the officers approach him and observed that they were in uniform. He said his car was parked alongside the curb, that it was in a "driving lane," that his lights were off and the motor running, and that there was no stop sign or traffic light at the intersection. He denied that he had clenched his fist or said anything like " 'I ain't going anywhere' " or that he had kicked at or struck either officer.

Defendant contends that under *People* v. *Curtis* (1969) 70 Cal.2d 347 [74 Cal.Rptr. 713, 450 P.2d 33], he should be given a retrial because he "was not allowed to present his defense of the illegality of the arrest."

In the *Curtis* case, decided February 13, 1969 (subsequent to the trial of the case at bench), the Supreme Court held that the felony punishment prescribed in section 243 is applicable only when the arrest is lawful. The opinion states (at p. 355): "We confirm that a resisting defendant commits a public offense; but if the arrest is ultimately determined factually to be unlawful, the defendant can be validly convicted only of simple assault or battery. Cases holding or implying the contrary are disapproved. [Fn. omitted.]"

■ In the case at bench there is some conflict in the evidence as to the circumstances leading to the arrest, but even upon the defendant's own version of the facts the officers had cause to make the arrest. By the testimony of both sides, defendant was found in the early morning slumped behind the steering wheel of an automobile which was standing on a public street with its lights out and the motor running. A whiskey bottle, nearly empty, was on the seat beside him. Upon these undisputed facts the officers had probable cause to believe that in their presence defendant was violating Penal Code section 647, subdivision (f) (being found in a public place under the influence of intoxicating liquor),[2] and Vehicle Code section 23122 (possessing in a motor vehicle upon a highway a bottle containing an alcoholic beverage which has been opened). Furthermore, the circumstances indicated that prompt and efficient police action was necessary for the defendant's safety, as well as that of the public. His apparent condition threatened even greater danger if he were allowed to move his vehicle.

■ There is no validity in defendant's argument that the arrest violated that portion of Penal Code section 841 which requires a person

---

[2]See *People* v. *Belanger* (1966) 243 Cal.App.2d 654 [52 Cal.Rptr. 660] holding that an automobile parked on a public street is a "public place" within the meaning of that statute.

making an arrest to state "the authority to make it." By the terms of the statute, that requirement does not apply to an arrest made during the commission of the offense. (See *People* v. *Beard* (1956) 46 Cal.2d 278, 281 [294 P.2d 29].)

Furthermore, the arrest is not invalidated by the fact that the officer told defendant he was being arrested for drunk driving. It is unnecessary to decide whether the circumstances justified an arrest for that offense,[3] since there were grounds to arrest for two different, though related, misdemeanors. The officer's announcement of the wrong offense did not make the arrest unlawful. (See *People* v. *Walker* (1969) 273 Cal.App.2d 720, 724-725 [78 Cal.Rptr. 439].)

The trial court gave no instruction which asked the jury to make any determination with respect to the lawfulness of the arrest. Assuming that it is a part of the corpus delicti to prove that the officer is engaged in the performance of his duty at the time of the alleged battery (see *People* v. *Soto* (1969) 276 Cal.App.2d 81, 86 [80 Cal.Rptr. 627]), the failure to instruct on this issue was harmless. Had the trial court given an instruction on that subject, it would have been required to tell the jury that either under the evidence introduced by the People, or under the defendant's version of the facts, the arrest of defendant was within the scope of the officers' duties. (See *People* v. *Cannedy* (1969) 270 Cal.App.2d 669, 676 [76 Cal.Rptr. 24], holding that failure to instruct on the issue was not error where the evidence compelled a finding that the officers were engaged in the performance of their duty.)

The trial court did instruct the jury on the subject of self-defense. At defendant's request, the court gave the conventional instruction that a person who is attacked may defend himself, and may pursue his assailant until he has secured himself from danger if that course appears to be reasonably necessary (CALJIC No. 622). On its own motion the court also gave this: "A police officer may not use more force than is reasonably necessary to make an arrest under all the circumstances of the case, and if a police officer does use more force than is reasonably necessary under all the circumstances, the person he is arresting may stand his ground and defend himself if he has a reasonable basis for believing that serious bodily injury is about to be inflicted upon him. In so doing, he may use all force and means which he believes to be necessary and which would

---

[3]Compare *McDonald* v. *Justice Court* (1967) 249 Cal.App.2d 960, 962 [58 Cal. Rptr. 29], with *People* v. *Walker* (1962) 203 Cal.App.2d 552, 555 [21 Cal.Rptr. 692].

appear to a reasonable person, in the same or similar circumstances, to be necessary to prevent such injury."

Defendant argues here that this latter instruction was defective because it spoke in terms of a defense against "serious bodily injury," instead of saying, as the court did in the *Curtis* opinion (70 Cal.2d at p. 357), that a person "may use reasonable force to defend life and limb against excessive force." We do not regard the language used in the *Curtis* opinion as the only proper explanation of the applicable law. The instructions given in this case fairly presented to the jury the question whether defendant's conduct could be excused as reasonable self-defense against the force used by the officers. The officers' testimony provided evidence sufficient to support a finding that they acted reasonably under the circumstances and that the defendant's use of force was unjustified. This court is bound by the jury's determination of these issues.

■ Subsequent to the oral argument and submission of this case the Supreme Court handed down its decision in *People* v. *Hood* (December 18, 1969) 1 Cal.3d 444 [82 Cal.Rptr. 618, 462 P.2d 370]. That opinion, which involved a charge of assault with a deadly weapon upon a police officer (Pen. Code, § 245, subd. (b)), held that evidence which raised the defense of self-defense, on which the trial court had instructed fully, also raised the issue whether the officer had exceeded the scope of his duties, on which there had been no instruction. The Supreme Court refused to adopt the Attorney General's argument that the jury, in rejecting the defense of self-defense, must have rejected the evidence that the officer had exceeded the scope of his duties. The opinion points out that there was evidence from which the jury could have concluded both that the defendant had forfeited his right of self-defense and that the officer had exceeded his authority by using excessive force. Hence it was error, in the *Hood* case, to fail to instruct on the lesser offense of assault with a deadly weapon (Pen. Code, § 245, subd. (a)).

We have reviewed the record of the case at bench in the light of the *Hood* opinion and have concluded that in this case, unlike *Hood,* the rejection of the self-defense theory necessarily rejects any theory that the officers used excessive force.

In our case the defendant was under arrest, and therefore under a duty to go along peaceably. The officers struck first because, as they testified, they believed defendant was about to resist arrest and strike Fiderio. From that point on there was a continuous struggle until defendant was subdued by Fiderio's threat to shoot.

If the jury had believed defendant's testimony that he did not strike the officers at all, the jury would have voted acquittals. If the jury had believed that the officers had no reasonable ground to strike first, they would have acquitted on the ground of self-defense. To reject the defense of self-defense and find defendant guilty on both counts, the jury must have believed that the officers were justified in striking the first blows and that defendant had unjustifiably kicked or struck both of the officers. On this record, given such a finding, there is no reasonable hypothesis by which a jury could also have found that the officers used excessive force in subduing a prisoner who was kicking or hitting them.

■ Defendant's final contention is that the court should have, on its own motion, instructed the jury that he could not be convicted of the felony offense if he was too drunk to know that the victims were police officers. In *People* v. *Garcia* (1967) 250 Cal.App.2d 15 [58 Cal.Rptr. 186], a conviction for battery on a police officer was reversed because of failure of the court to instruct on the effect of voluntary intoxication, where the defendant had testified that he was too drunk to recognize the officers as such.

Such an issue is not raised by the record at bench, for defendant himself testified that when the officers came up to his car he saw that they were Los Angeles police officers, in uniform.

The judgment is affirmed.

Kingsley, J., and Dunn, J., concurred.