[Crim. No. 5933. Third Dist. Apr. 14, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNY HOZE, Defendant and Appellant.

## COUNSEL

Joseph S. Samuel, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Edsel W. Haws and James D. Garbolino, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**REGAN, J.**—After a trial by jury, defendant was convicted of battery upon a police officer. (Pen. Code, §§ 242, 243.) He appeals from the judgment, contending:

The court *sua sponte* should have instructed the jury that the defendant should be found guilty only of simple battery if the police were not engaged in the performance of their duties at the time of the assault.

### FACTS

At approximately 3:15 a.m. on April 17, 1970, Officers Jorgensen and Winters of the Sacramento Police Department were in uniform and on patrol in Sacramento driving a black and white marked police car. As the officers approached a known narcotics outlet in the vicinity of Winters

and Piercy Streets, they observed two parked vehicles, one heading north and the other south. Standing between the two vehicles was a known narcotics user and pusher.

As the patrol car approached the stopped vehicles, both took off at a high rate of speed going in opposite directions. The officers pursued the vehicle going in the same direction as their police unit was headed. They followed the vehicle, which had Nevada license plates, for several blocks, but were unable to stop it. As the car made its last turn onto Harris Avenue, the officers turned on their red lights. The car came to a stop in a driveway on this street.

Defendant, who was the driver of the car, got out immediately and started walking rapidly toward a house. Officer Jorgensen called for him to stop and approached him. He refused to show his driver's license or other identification to Jorgensen, became belligerent, was quite nervous and evasive and refused to take his hands out of his pockets. He finally produced an expired driver's license.

Two other persons remained in the car with Officer Winters watching them. A cover police car pulled up at this time. Officer Jorgensen advised defendant that he was going to pat him down for weapons, and placed his hands on defendant's hips. Defendant stated to the officer that he had no right to do this, to which Jorgensen replied that defendant was required to submit to a pat down search for weapons. Defendant seemed to comply; however, he suddenly swung back with his right elbow and struck the officer on the lip. When the officers tried to subdue the defendant, a struggle ensued in which Jorgensen was struck on the ear by defendant. In order to restrain defendant, the officers attempted to handcuff him, but were subsequently forced to use mace in order to subdue him.

One of the occupants of the car, Rodney Jones, testified for the defense stating he did not see defendant strike any officer.

Defendant testified in his own behalf and stated that after talking to the man on Winters Street (whom he knew), he drove at a normal speed to his home on Harris Avenue, and he did not see the red light on the police car until he got out of the car. Defendant stated that he consented to the search. During the search, according to defendant, one of the officers turned him around and pulled him so that he fell into another officer standing nearby. Defendant did not intentionally hit the officer, "but it could have been possible when the other officer pulled me around that I bumped into the officer standing to my side, because I did go into him." Defendant denied resisting the officers in any way.

Defendant did not request an instruction that he could be found guilty of the offense of simple battery, a misdemeanor.

■ Defendant denied he struck the officer, stating he did not resist in any way and that the officer lied when he related his version of the confrontation. Thus defendant elected to present the jurors with the simple choice of acquitting him if they believed his testimony or finding him guilty of the crime charged, to wit: battery upon a police officer.

■ Where a defendant denies complicity, an instruction on a lesser offense is not only unnecessary but is erroneous because not pertinent. (*People* v. *Garcia* (1967) 250 Cal.App.2d 15, 17 [58 Cal.Rptr. 186].) We note the holding in *People* v. *Cannedy* (1969) 270 Cal.App.2d 669, 676 [76 Cal.Rptr. 24], the court stating:

"The recent case of *People* v. *Curtis, supra,* 70 Cal.2d at page 357 [74 Cal.Rptr. 713, 450 P.2d 33], holds, 'construing section 834a and 243, it is now the law of California that a person may not use force to resist any arrest, lawful or unlawful, except that he may use reasonable force to defend life and limb against excessive force; but if it should be determined that resistance was not thus justified, the felony provisions of section 243 apply when the arrest is lawful, and if the arrest is determined to be unlawful the defendant may be convicted only of a misdemeanor.'

"In the case at bench, as we have pointed out, the arrests were lawful and the officers did not use excessive force. The excessive force was all on the side of defendants. Hence, the actions of defendants could not have been found to be misdemeanor batteries or assaults, and the trial court did not err in refusing to determine that these misdemeanors were lesser offenses included in the felonies charged."

■ Although we believe the holdings in *Garcia, supra,* and *Cannedy, supra,* are dispositive of the issue presented we will comment further on defendant's claim.

In urging that the trial court should have instructed *sua sponte* on the misdemeanor offense of simple battery, defendant contends there was evidence, which if believed by the jury, would have placed the officers' activities outside the ambit of lawfulness, thus making defendant guilty of only simple battery, and hence the court should have instructed on the lesser included offense.[1] In this respect defendant argues that there was evidence which, if believed, would show that the officer was not engaged in the performance of his duties (see Pen. Code, § 243), thus making the officer's conduct unlawful. He thus contends that this case falls within the first group of cases involving instructions on lesser offenses as set forth by

---

[1]See *People* v. *Muniz* (1970) 4 Cal.App.3d 562, 567 [84 Cal.Rptr. 501]: "That portion of section 243 of the Penal Code which raises battery, a misdemeanor, to felony status where the victim is a peace officer engaged in the performance of his duties, does not come into play where an officer makes an illegal arrest, simply because '[a]n officer is under no duty to make an unlawful arrest.' [Citation.]"

Justice Burke in *People* v. *Morrison* (1964) 228 Cal.App.2d 707, 712 [39 Cal.Rptr. 874]:

". . . At one extreme are the cases where there is evidence which, if accepted by the trier of fact, would absolve defendant from guilt of the greater offense or degree, although it would support a finding that he was guilty of a crime of lesser degree or of a lesser and included offense. It is now settled that, in this situation, an instruction on the lesser offense or degree must be given, even though not requested, and no matter how unlikely it may appear that any verdict other than one of guilty of the higher offense or degree would be returned. [Citations.]"

The starting point in our discussion is *People* v. *Curtis* (1969) 70 Cal.2d 347 [74 Cal.Rptr. 713, 450 P.2d 33]. In *Curtis* the court held that section 243 of the Penal Code (battery against a peace officer) excludes unlawful arrests from its definition of "duty," and while a resisting arrestee commits a public offense, if the arrest is ultimately determined factually to be unlawful, the defendant can be validly convicted only of simple assault or battery.

In *People* v. *Soto* (1969) 276 Cal.App.2d 81, 85-87 [80 Cal.Rptr. 627], the court, in following *Curtis, supra,* stated as follows:

"It is of course clear that to constitute the felonious conduct proscribed by Penal Code section 243 the assault must be on a peace officer who is *actually* engaged in the performance of his duties. However, a peace officer is under no duty to make an unlawful arrest. Thus, an assault on a peace officer by a person who is resisting an unlawful arrest is not a felony under this section. But, even so, the person is guilty of a misdemeanor. . . .

". . . . . . . . . . . . . . . .

"It has been suggested that the question as to whether an arrest is lawful is one of law for the trial judge (not the jury) to decide. However, as we have seen, to constitute a felonious assault on a peace officer under section 243, the assault must be committed while the officer is *actually* engaged in the performance of his duties. Thus, whether the peace officer was actually engaged in the performance of his duties is not an evidentiary question of law to be resolved by the trial judge. Rather, it is a question of fact and an essential part of the corpus delicti itself. In other words, where as here, there is a conflict in the evidence as to whether a peace officer was making an unlawful or lawful arrest when assaulted by a person accused of a felony under section 243, the conflict must be resolved by the jury under appropriate instructions from the trial court in order to preserve the accused's constitutional right to a jury trial on each essential element of the crime

charged."[2] (Accord, *People* v. *Muniz* (1970) 4 Cal.App.3d 562, 568 [84 Cal.Rptr. 501]; cf. *People* v. *Kelley* (1969) 3 Cal.App.3d 146, 151 [83 Cal.Rptr. 287].)

The above cited cases are concerned with arrests. Defendant acknowledges that all of the testimony was to the effect that he was not being arrested, but merely detained.[3] However, he urges that the characterization of his relationship with the police at the time of the assault is unimportant, since it is the lawfulness of the officer's activities which is the determinative factor. Defendant concludes that the logic of *Curtis, supra,* applies to mere detention, as well as arrest, and thus the court erred in not submitting the issue to the jury upon proper instructions.

We are here concerned not with an arrest but with a detention.[4] We think the difference has some significance. (*People* v. *Curtis, supra,* 70 Cal. 2d at p. 358.) As stated in *Curtis* at pages 358-359: "The courts and legislatures of this and other states, recognizing that circumstances short of probable cause may often necessitate immediate investigation, have recently confirmed the broad power of police officers to 'stop and frisk' suspicious persons on the street. (See *Terry* v. *Ohio* (1968) *supra,* 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868]; *People* v. *Mickelson* (1963) *supra,* 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658].) It was not casually that the United States Supreme Court and this court have distinguished between the 'reasonable cause' sufficient for a stop and frisk and the probable cause required for an arrest. (*Terry* v. *Ohio, supra,* 392 U.S. at pp. 26-27 [20 L.Ed.2d at pp. 908-909]; *People* v. *Mickelson, supra,* 59 Cal.2d at p. 452.) The stop and frisk rule 'wards off pressure to equate reasonable cause to investigate with reasonable cause to arrest, thus protecting the innocent from the risk of arrest when no more than reasonable investigation is justified.' (*People* v. *Mickelson, supra.*) But the purpose and rationale of this departure is defeated when under the very circumstances for which the stop and frisk rule was designed, an officer's first words to a suspect are, 'You're under arrest,' followed by an attempt at physical detention. The stop and frisk is a 'serious intrusion upon the sanctity of the person, which may inflict great indignity and arouse strong resentment, and it is not to be undertaken lightly.' (*Terry* v. *Ohio, supra,* 392 U.S. at p. 17 [20 L.Ed.2d at p. 903].) An arrest is of greater consequence and must be more narrowly circumscribed lest an innocent error be inflated into a major disturbance."

---

[2]Both *Curtis* and *Soto* also involved the alleged use of "unreasonable and excessive force" by the officers in effecting an arrest.

[3]In this connection it should be noted that the trial court specifically denied a defense motion to have the court rule, as a matter of law, that defendant had been *arrested* prior to the time the search began.

[4]In fact, the assault and battery occurred before the question of arrest could arise.

No case has been cited, and we have found none, which would equate unlawful *detention* to unlawful arrest, and therefore entitle a defendant to misdemeanor treatment. (See *People* v. *Muniz, supra,* 4 Cal.App.3d at p. 569, fn. 6.) We need not decide that question here for two reasons.

Under the circumstances of this case, the officers had reasonable cause to stop and detain defendant for investigation. (See *People* v. *Manis* (1969) 268 Cal.App.2d 653 [74 Cal.Rptr. 423].) They were therefore engaged in the performance of their duties under Penal Code section 243. Although the validity of any particular temporary detention involves a determination of fact (*id.* at p. 659), there was nothing here to submit to the jury for its consideration. (See *People* v. *Kelley, supra,* 3 Cal.App.3d at p. 151.) The trial court denied defendant's motion to submit to the jury the question of the lawfulness of the detention. Accordingly, the trial court did not err in failing, *sua sponte,* to instruct on simple battery.

The judgment is affirmed.

Friedman, Acting P. J., and Janes, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 17, 1971. Peters, J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.