[Civ. No. 58163. Second Dist., Div. Two. Nov. 20, 1980.]

LEONARD GOMEZ et al., Plaintiffs and Respondents, v.
LEON M. N. GARCIA et al., Defendants and Appellants.

COUNSEL

Frank Morales and Marcus Gomez for Defendants and Appellants.

Goldberg, Fuchs & Goodman and Sandor C. Fuchs for Plaintiffs and Respondents.

OPINION

**COMPTON, J.**—Defendants appeal from a judgment entered on a jury verdict awarding $2,500 compensatory and $4,000 punitive damages to plaintiff on his complaint for false imprisonment and malicious prosecution. We reverse.

Defendant Leon Garcia is executive director and defendant Vincent T. Soriano is president of United Community Efforts (UCE), a publicly assisted nonprofit corporation providing social programs to assist the underprivileged in Los Angeles. Plaintiff Matano is a former employee of UCE.

This litigation arises out of a citizen's arrest of plaintiff effected by defendant Garcia when plaintiff refused to leave the premises of UCE after being requested to do so. The arrest was followed by the filing of a misdemeanor complaint charging plaintiff with a violation of Penal Code section 415 (disturbing the peace). Plaintiff spent some 16 hours in custody as a result of the arrest. Plaintiff was subsequently acquitted of the charge and promptly filed the instant action. Defendants cross-complained charging plaintiff with trespass. The jury found for plaintiff on the cross-complaint.

On appeal defendants contend that the evidence was insufficient to support the judgment on both the complaint and the cross-complaint. They further contend that the trial court erred in its instructions to the jury.

The essential facts are not in dispute. Plaintiff, after being terminated from his employment, attended a meeting of the staff of UCE. When his presence was noted by defendant Garcia, the latter requested him to leave. He refused. The police were called.

The police advised defendant Garcia that the only way they could remove plaintiff was for Garcia to effect a citizen's arrest. The police officers told Garcia what to say to the plaintiff, including a statement that the arrest was for a violation of Penal Code section 415. Defendant Garcia was completely unfamiliar with the law.

It is not clear from the record as to when or under what circumstances Garcia ultimately signed the misdemeanor complaint which was

lodged with the municipal court. *There is no evidence in the record to suggest that Garcia gave false information to either the police or the prosecuting agency or that he misled them in any way.*

It is true that Garcia has consistently maintained, both in his statement to the police and in his testimony at the trial of this case that plaintiff used loud and abusive language in asserting his refusal to leave the premises and that plaintiff, at the trial, denied using such language. The fact remains, however, that the decision to invoke Penal Code section 415 rather than Penal Code section 602,[1] which punishes trespass, was made by the police and the prosecuting authority.

Penal Code section 837 authorizes a private person to arrest another for a "public offense" committed in his presence. While the statute does not speak of "probable cause to believe" an offense has been committed in the presence of the person making the arrest, the state of mind of such person of necessity comes into play in a hindsight analysis of whether the arrest was or was not lawful.

■ The phrase "in the presence" is concerned with the conduct of the arrestee which forms the basis for the arrest. In other words, that conduct must have been in the presence of the person making the arrest. Where the validity of the arrest turns on whether that conduct constitutes a public offense, the test to be applied must be one of whether the person making the arrest had a reasonable good faith belief that it did. (*Coverstone* v. *Davies* (1952) 38 Cal.2d 315 [239 P.2d 876].) Further, if that conduct in fact constituted a public offense, the person making the arrest is not liable simply because he was mistaken as to which particular penal statute was violated.

■ Penal Code section 841, which prescribes the formality for effecting an arrest, does not require that the arrestee be advised of the reason for the arrest if, at the time, he is actually engaged in the commission of the offense and in any event the statute requires only that the arrestee be advised of the offense for which he is being arrested if he so requests. A failure to comply with the formalities of Penal Code section 841 does not per se render the person making the arrest liable

---

[1]Penal Code section 602, subdivision (n) provides in part: "Refusing or failing to leave land, real property, or structures belonging to or lawfully occupied by another and not open to the general public, upon being requested to leave by (1) a peace officer and the owner, his agent, or the person in lawful possession thereof, or (2) the owner, his agent or the person in lawful possession thereof;..."

for false imprisonment. (*People* v. *Kelley* (1969) 3 Cal.App.3d 146 [83 Cal.Rptr. 287].)

Plaintiff was, at the time of the arrest, actually engaged in the commission of the offense by his continued refusal to leave and there is no indication that he ever requested that he be advised as to the charge for which he was being arrested.

■ Here the trial court instructed the jury as follows: "To constitute reasonable cause for the arrest and detention of each of the plaintiffs in this case, the evidence must establish that 1. With respect to Robert Matano, that he on April 13, 1974 maliciously and wilfully disturbed another person by loud and unreasonable noise, or that he used offensive words in a public place which were inherently likely to have provoked an immediate violent reaction.

"If you find from all of the evidence that the foregoing facts are true, you must find that there was reasonable cause to arrest the plaintiff Robert Matano.

"If you find that such facts are not true, you must find that there was not reasonable cause to arrest him."

The effect of this instruction was to tell the jury that unless they found that plaintiff had violated Penal Code section 415, the arrest was unlawful. This was error in the absence of additional instructions that the arrest could also lawfully be based on a violation of Penal Code section 602 (trespass).

■ Plaintiff's own testimony, while denying that he committed a violation of Penal Code section 415, established that he had violated Penal Code section 602. Defendant then would not be liable for false imprisonment because he relied on the officer's advice that he announce to plaintiff that the arrest was for a violation of Penal Code section 415, which announcement, under the circumstances, was totally unnecessary.

Viewing the facts in this case in their entirety and in context we are of the view that they are comparable to those in *Peterson* v. *Robinson* (1954) 43 Cal.2d 690 [277 P.2d 19], where the Supreme Court said at page 697: "A private citizen who assists in the making of an arrest pursuant to the request or persuasion of a police officer is not liable for

false imprisonment. (*Mackie* v. *Ambassador Hotel etc. Corp.* (1932) 123 Cal.App. 215, 222 [11 P.2d 3]; see 29 A.L.R.2d 825.)"

The above mentioned error in instructions was apparently the result of the trial court's failure to distinguish the elements of the tort of false imprisonment from the elements of the tort of malicious prosecution. In several instructions the trial court defined malicious prosecution as the wrongful procuring of *either the arrest or prosecution* of plaintiff.

■ The two torts are separate and distinct. False imprisonment consists of the unlawful violation of personal liberty. (Pen. Code, § 236; *Parrott* v. *Bank of America* (1950) 97 Cal.App.2d 14 [217 P.2d 89, 35 A.L.R.3d 263].) ■ Malicious prosecution consists of procuring the prosecution of another under lawful process maliciously and without probable cause. (Rest., Torts, § 653 et seq.; *Singleton* v. *Perry* (1955) 45 Cal.2d 489 [289 P.2d 794]; *Centers* v. *Dollar Markets* (1950) 99 Cal.App.2d 534 [222 P.2d 136].)

While a termination of the prosecution favorable to the person prosecuted is essential to a claim of malicious prosecution, the subsequent exoneration of an arrestee has no bearing on the validity of the arrest. (*Jaffe* v. *Stone* (1941) 18 Cal.2d 146 [114 P.2d 335, 135 A.L.R. 775].) (*People* v. *Burgess* (1959) 170 Cal.App.2d 36 [338 P.2d 524]; *Coverstone* v. *Davies, supra,* 38 Cal.2d 315.)

Turning now to the plaintiffs' cause of action for malicious prosecution. In *People* v. *Municipal Court* (1972) 27 Cal.App.3d 193 [103 Cal.Rptr. 645, 66 A.L.R.3d 717], this court held that the institution of a criminal proceeding must be authorized and approved by the prosecuting authority. Thus we assume that the complaint filed against plaintiff was authorized by the proper prosecuting authority and it was that official who elected to charge the plaintiff with a violation of Penal Code section 415.

■ In the absence of any evidence that defendant Garcia did anything more than truthfully recount his observations to the police and prosecutor, the evidence is insufficient to establish that he acted with malice and without probable cause.

The following quotation from *Dunlap* v. *New Zealand F. & M.I. Co.* (1895) 109 Cal. 365, at page 369 [42 P. 29], continues to state the law of this state and is applicable to these facts. ■ "One who causes an-

other to be prosecuted for a crime is not liable in damages therefor, unless he acts through malice and without probable cause; and it is the policy of the law that whenever a citizen shall have reasonable cause to believe that a crime has been committed he shall be protected in his efforts to secure the punishment of the offender. [Citation.] If in good faith and without malice he causes the arrest of the offender he is not to be mulcted in damages, because the defendant is able at the trial to establish his innocence. The facts within his knowledge may not in point of law constitute a crime, but, if they are of such a character as to induce in the mind of a reasonable man the honest belief that a crime has been committed, he is justified in seeking to have the crime punished. If, in addition to his own belief, he seeks the advice of one learned in the law, and after a full and fair statement of the facts within his knowledge is advised by him that they constitute a crime, his good faith in prosecuting the offender is corroborated."

The fact that the issue of whether plaintiff trespassed on the UCE property was tried on the cross-complaint and resolved in favor of plaintiff, does not cure the previously noted error in the instructions nor provide any basis for finding that the arrest was invalid or that defendants committed the tort of malicious prosecution.

It is entirely possible that the jury simply found defendants suffered no damage from the trespass. In any event, the jury's verdict on the cross-complaint is of no greater significance than the acquittal of plaintiff in the misdemeanor prosecution.

Since we cannot say that the judgment on the cross-complaint lacks the support of substantial evidence to be found in the record, we must affirm that portion of the judgment.

The judgment awarding damages to plaintiff on the complaint for false imprisonment and malicious prosecution is reversed. The judgment on the cross-complaint in favor of the cross-defendant is affirmed. Plaintiff to bear costs.

Roth, P. J., and Beach, J., concurred.