Opinion
SAETA, J.
— Defendant appeals from a judgment of conviction of driving under the influence of alcohol in violation of Vehicle Code section 23102, subdivision (a) after a jury trial.
Two California Highway Patrol officers had found him sleeping behind the wheel of his automobile, which was parked on the shoulder of State Route 14 about 3:20 a.m. on September 15, 1979. Although the engine of the car was running, it was in parking gear. Defendant did not awaken until one of the officers had rapped on the window for approximately two minutes. The officer, noting that defendant displayed symptoms of intoxication and that an open can of beer was on the dashboard, ordered defendant out of the vehicle to perform a field sobriety examination. Defendant failed the examination. The officer then placed the defendant under arrest for the offense of driving under the influence of intoxicating liquor and took him to the station where he administered a breath test of defendant’s blood alcohol level. The results of this test were admitted against the defendant at trial.
Defendant contends that the court erred in denying his motion to suppress all observations of the officers, the results of the field sobriety examination and the results of the breath test because, he urges, they were all obtained pursuant to an unlawful arrest.
This contention reaches too broadly. Only the breath test was obtained after the arrest. It was reasonable for the officers to have defendant get out of his car to investigate his possible intoxication and to see if he could care for himself and his two passengers. (People v. Manning (1973) 33 Cal.App.3d 586, 604-605 [109 Cal.Rptr. 531]; People v. Kelley (1969) 3 Cal.App.3d 146, 150 [83 Cal.Rptr. 287].) Thus there was no reason to suppress the officers’ observations and the field sobriety examination results.
However, the situation is different as to the breath test. Such a search and seizure, absent consent, can be validated only by a preceding valid arrest. (People v. Superior Court (Hawkins) (1972) 6 Cal.3d 757 *Supp. 19 [100 Cal.Rptr. 281, 493 P.2d 1145].) We agree with defendant that the circumstances related above could not support a valid arrest for driving under the influence of intoxicating liquor. Vehicle Code section 23102, subdivision (a) is a misdemeanor. A peace officer may make a lawful warrantless arrest for a misdemeanor only if he has reasonable cause to believe that it is being committed in his presence. (Pen. Code, § 836, subd. 1.) Defendant did not drive his car in the presence of the officers and therefore could not be validly arrested for this offense. As no traffic accident was involved here, the exception of Vehicle Code section 40300.5 does not apply. We reject the People’s contention that the breath test was made pursuant to a lawful arrest for some other offense which was committed in the presence of the officers, because no factual showing was made at the suppression hearing that defendant was in fact arrested for any other offense.
The People attempt to justify this evidence on the basis that defendant could have been arrested for illegal parking, having an open container of an alcoholic beverage in the vehicle, and being plain drunk. As to the first two possible charges, the record on appeal does not show that the car was illegally parked or that the beer can contained any beer. But passing lightly over these missing facts, a breath test cannot be justified as having any reasonable connection with these two possible offenses. People v. Superior Court (Kiefer) (1970) 3 Cal.3d 807, 813-814 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559], requires searches to be strictly tied to the circumstances which justified the search. A breath test is justifiable for a plain drunk arrest, however. But the facts in our record show no justification for such an arrest under Penal Code section 647, subdivision (f). The settled statement says, “No evidence was presented as to defendant’s ability to care for his own safety or the safety of others.” That is a necessary element of a plain drunk arrest. (People v. Rich (1977) 72 Cal.App.3d 115, 122 [139 Cal.Rptr. 819].) While the facts of our case are similar to those in People v. Kelley, supra, 3 Cal.App.3d 146, the Kelley opinion states that, “[T]he circumstances indicated that prompt and efficient police action was necessary for the defendant’s safety, as well as that of the public.” Thus the record in Kelley supported all the elements of Penal Code sections 647, subdivision (f) whereas our record is lacking in the element of ability to care for oneself, etc.
Further, it is necessary for the arresting officer to believe that the particular crime was being committed before the court will see if such a belief was reasonable. (People v. Miller (1972) 7 Cal.3d 219, 226 [101 *Supp. 20 Cal.Rptr. 860, 496 P.2d 1228].) The trial court’s conjecture as to what a further examination by the officers would establish is ineffective: A court may not invoke a theory of what an officer could have acted reasonably upon when the prosecution has failed to make a factual showing that the officer did act upon that ground. (Mestas v. Superior Court (1972) 7 Cal.3d 537, 542 [102 Cal.Rptr. 729, 498 P.2d 977].)
We therefore hold that it was error to admit into evidence the breath test results. Chemical test results are powerful evidence for a jury to consider. The only evidence of driving by defendant was circumstantial. Defendant’s witness, Ms. McGrath, testified that she had driven to the location where the officers found the car and that defendant had exchanged places in the car with her and had only turned on the motor to operate the heater. In our view, given the conflict in the evidence concerning defendant’s driving and the weight a jury could give to chemical test results, we believe the error in admitting the breath test results was prejudicial. (People v. Watson (1956) 46 Cal.2d 818, 837 [299 P.2d 243].)
Retrial is necessary, however, as the admissible evidence, including the officers’ observations and the defendant’s field sobriety performance are substantial enough to support a conviction if the jury chooses to disbelieve Ms. McGrath. (People v. Hanggi (1968) 265 Cal.App.2d Supp. 969, 972 [70 Cal.Rptr. 540].) Retrial is not barred by People v. Pierce (1979) 24 Cal.3d 199, 210 [155 Cal.Rptr. 657, 595 P.2d 91].
We must deal with the contention that defendant’s rights were prejudiced by the three-week continuance in the trial of the case occurring after the People had rested. This continuance was ordered by the trial judge so that he could return to his “home court” — he having been temporarily assigned by the Chairperson of the Judicial Council to the Antelope Judicial District. It should have been apparent to the judge, before the trial started, that he would be unable to conclude it before returning home. Under Penal Code section 1053, the judge should have had the other judge in Antelope Judicial District finish the case or notify the Chairperson of the Judicial Council of his inability to continue trying the case. Our record does not indicate that this code section was complied with. In People v. Katzman (1968) 258 Cal.App.2d 777, 787 [66 Cal.Rptr. 319], the court held a judge erred in granting a 13-day continuance while he attended a judicial conference. However, in Katzman, only the jury had been impanelled before the continuance and the court did not find defendant was prejudiced. In our case, how *Supp. 21 ever, the defendant was prejudiced. The delay came after the jury had heard the People’s case and befóte the defendant had a chance to introduce his evidence. Thus the jury was left with a one-sided presentation for three weeks. We feel this would cause the jurors to determine the case before hearing both sides. Given the length of the delay, we think it must have been practically impossible for the jurors to keep an open mind as to possible answers to the People’s case. We hold that this was inherently prejudicial to defendant’s receiving a fair trial, even though it is hard to demonstrate what effect this delay had on the jurors’ thought processes. (See Gordon v. Justice Court (1974) 12 Cal.3d 323, 329 [115 Cal.Rptr. 632, 525 P.2d 72, 71 A.L.R.3d 551], for analogous situations.) This defect independently requires a new trial for defendant. (Katzman, supra, at p. 789; People v. Watson, supra, 46 Cal.2d 818.)
The judgment is reversed.
Bigelow, Acting P. J., and Fainer, J., concurred.