Opinion
KRIEGER, J.
Appellant appeals the denial of his motion to suppress evidence pursuant to Penal Code section 1538.5. That motion was based upon the arrest of appellant for alleged violations of Vehicle Code[1] section 23152, subdivision (a) (driving while under the influence of alcohol) and section 23152, subdivision (b) (driving with a blood-alcohol level of 0.08 percent or more). After the motion to suppress was denied, appellant pled nolo contendere to count II, and count I was dismissed in furtherance of justice. Appellant then timely appealed from this order.
Two California Highway Patrol officers had found appellant’s vehicle stopped, partially on the right shoulder of the Highway 57 Pathfinder off-ramp about 1:15 a.m. on August 13, 1991. The left front tire and the left front of the vehicle were partially in the traffic lane, and the vehicle was partially blocking the roadway. Appellant was passed out in the driver’s seat of the vehicle with the engine running but the automobile was not in gear. One officer attempted to wake up appellant by repeatedly calling to him for about 10 to 15 seconds. The second officer approached the driver’s side, reached in, turned the engine off, and removed the keys. The second officer shook the appellant several times and called for him to wake up. When appellant awoke he appeared disoriented. In response to an inquiry as to his health, he explained that he had been driving, that he was not feeling too well, that he had pulled over, and that he stopped but that he was okay. Appellant then went back to sleep after making the comments to the officers.
The first officer had noticed a strong odor of alcohol in the car and that appellant’s speech was extremely garbled and slow. Further, he noticed that appellant’s eyes were red and glassy, and that appellant was somewhat disoriented.
The officer reawakened appellant and had him exit the vehicle. Upon exiting the vehicle, appellant wandered off into the off-ramp traffic and had to be brought back. Tlie second officer then escorted him back to the front of the California Highway Patrol unit, which was behind appellant’s vehicle.
In response to questions, appellant acknowledged that he had been drinking beer. He was coming from Huntington Beach and was in route to La *Supp. 18 Habra. Appellant stated that he wanted to get off “at Lambert.” However, appellant had already passed the Lambert off-ramp which was four to five miles south of the location where he was stopped.
The first officer had appellant perform a series of field sobriety tests. The officer then formed the opinion (1) that appellant could not operate a motor vehicle, (2) that appellant was under the influence of an alcoholic beverage, and (3) that appellant was also drunk in public in violation of Penal Code section 647, subdivision (f). He based the opinion on appellant’s extreme unsteadiness, extremely poor performance on the filed sobriety tests, and objective symptoms of intoxication. The officer also felt that appellant was “very intoxicated” and that he would be unable to care for himself or for others.
Appellant was placed under arrest for driving under the influence and subsequently he submitted to a blood test.
Our standard of review of an order on a motion to suppress evidence was settled by the Supreme Court in People v. Leyba (1981) 29 Cal.3d 591 [174 Cal.Rptr. 867, 629 P.2d 961]. We first “find the facts” relating to the challenged search, utilizing the substantial evidence standard of review. We then “ ‘measure the facts, as found by the trier, against the constitutional standard of reasonableness.’ [Citation.] On that issue, in short, the appellate court exercises its independent judgment.” (People v. Leyba, supra, 29 Cal.3d at p. 597.) “Insofar as the evidence is uncontradicted, we do not engage in a substantial evidence review, but face pure questions of law.” (People v. Long (1987) 189 Cal.App.3d 77, 82 [234 Cal.Rptr. 271].)
Here, we must address the question of validity of an arrest for a violation of section 23152, subdivision (a) and section 23152, subdivision (b), both misdemeanors, if the facts show probable cause to arrest for a violation of Penal Code section 647, subdivision (f), which is also a misdemeanor.
Generally, in order to make a warrantless misdemeanor arrest, the arresting officer must have reasonable cause to believe that the person committed a public offense in his or her presence. (Pen. Code, § 836, subd. 1.)[2] It is clear that under the test set forth in Mercer v. Dept, of Motor Vehicles (1991) 53 Cal.3d 753 [280 Cal.Rptr. 745, 809 P.2d 404] (Mercer), there were *Supp. 19 insufficient grounds for an arrest under section 23152[3] because that offense did not occur in the officer’s presence and there was not an exception to the presence requirement.
In Mercer, our Supreme Court addressed the narrow question of whether, under sections 23157 and 13353, the state could suspend or revoke a driver’s license for failure to submit to chemical testing in the absence of evidence of observed volitional movement of a vehicle. (Mercer, supra, 53 Cal.3d at p. 757.) However, it also explicitly stated, “We do not hold that observed movement of a vehicle is necessary to support the conviction for ‘drunk driving’ under section 23152.” (Id., at p. 756.) Further, in dicta in Mercer, the Supreme Court stated that the facts in that case, which are somewhat similar to the facts in this case, were sufficient to justify an arrest for public intoxication. (Id., at p. 769.)
Appellant’s reliance on People v. Engleman (1981) 116 Cal.App.3d Supp. 14 [172 Cal.Rptr. 474], with respect to the presence requirement, is misplaced because Engleman is distinguishable.[4]
In Engleman, the police found defendant at 3 a.m., asleep behind the wheel of his car parked on the shoulder of the road. The engine was running, but the car was in park. The defendant did not awaken until the officer rapped on the window for several minutes. The defendant was arrested for driving under the influence, and he failed a breath test, the results of which were admitted into evidence at trial. On appeal, we held that the results of the breath test were inadmissible because they were in the product of an illegal warrantless arrest. However, in that case, the settled statement was very specific that “ ‘[n]o evidence was presented as to defendant’s ability to care for his own safety or the safety of others.’ ” (People v. Engleman, supra, 116 Cal.App.3d Supp. 14, 19.) We further indicated, with reference to People v. Kelly (1969) 3 Cal.App.3d 146 [83 Cal.Rptr. 287], that an appellate court was free to look at all the surrounding circumstances when a settled statement does not make a contrary finding.
*Supp. 20 In the case before us there was evidence as to defendant’s lack of ability to care for his own safety or the safety of others. One officer noticed that the vehicle was partially in the traffic lane, partially blocking the roadway. Further, one of the officers noticed that appellant had a strong odor of an alcoholic beverage about him and appellant’s speech was garbled and slow. His eyes were red and glassy, and he seemed kind of disoriented. When the officers had him exit the vehicle, he wandered into the off-ramp traffic lane and had to be brought back.
One of the officers had appellant perform a series of field sobriety tests. From all the circumstances, it was his opinion that appellant was under the influence of alcohol and appellant was drunk in public in violation of Penal Code section 647, subdivision (f).
The officer then placed appellant under arrest for driving under the influence. The totality of the circumstances provided sufficient articulable facts for an officer to determine that there was probable cause to arrest appellant for a violation of Penal Code section 647, subdivision (f). Further, the evidence supports the trial court’s conclusion that there was probable cause to arrest appellant for a violation of Penal Code section 647, subdivision (f).
We now hold that, where the facts when viewed objectively establish probable cause to arrest for Penal Code section 647, subdivision (f) and there was no probable cause to arrest under section 23152, subdivisions (a) and (b), an arrest is valid even though the arresting officer only arrested the suspect for violations of section 23152, subdivisions (a) and (b).
Our prior decision, People v. Engleman, supra, 116 Cal.App.3d Supp. 14, requiring that the officer have a subjective belief that the person committed the crime for which he or she is arrested is no longer good law. People v. Engleman was decided prior to the passage of Proposition 8, the “Truth-in-Evidence” provision of the California Constitution (Cal. Const., art. I, § 28, subd. (d)). Since the passage of Proposition 8, decisions of the United States Supreme Court govern the application of the exclusionary rule in California criminal proceedings. (In re Lance W. (1985) 37 Cal.3d 873, 886-887 [210 Cal.Rptr. 631, 694 P.2d 744].) “Under the federal authorities, it is not essential that the arresting officer at the time of the arrest . . . have a subjective belief that the arrestee is guilty of a particular crime ... so long as the objective facts, when fully determined, afford probable cause. It is not the officer’s subjective intent or motive that governs.” (People v. Le (1985) 169 Cal.App.3d 186, 193 [215 Cal.Rptr. 106].)
*Supp. 21 As stated above, we agree with the trial court that there was probable cause to arrest the appellant for violating Penal Code section 647, subdivision (f). It was an offense which, under the objective facts, was committed in the presence of the officers.
Next, appellant contends that probable cause to arrest for public intoxication will not support the administration of blood-alcohol tests, and the subsequent receipt into evidence of their results.
We disagree. The police “may, without a warrant, arrest a person ... for ‘attempted drunk driving’ or public intoxication (citation) [footnote omitted], and thereafter force the arrestee to submit to chemical testing under the authority of Schmerber [v. California (1966) 384 U.S. 757,] 766-772 [16 L.Ed.2d 908, 917-920, 86 S.Ct. 1826], and [People v. Superior Court] Hawkins [(1972) 6 Cal.3d 757,] 761 [100 Cal.Rptr. 281, 493 P.2d 1145].” (Mercer, supra, 53 Cal.3d at p. 769.)
The order of the trial court denying appellant’s motion to suppress is affirmed.
Roberson, P. J., and Disco, J., concurred.

All further statutory references shall be to the Vehicle Code unless otherwise noted.

Penal Code section 836 provides in part: “A peace officer may . . . without a warrant, arrest a person: 1 1. Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence. . . .”

This does not mean that a conviction for a violation under section 23152, subdivision (b) is not possible if the arrest was otherwise valid. (Mercer, supra, at p. 756.) That issue was not before the court at that time.

Also distinguishable is the case of Music v. Department of Motor Vehicles (1990) 221 Cal.App.3d 841 [270 Cal.Rptr. 692], which also addressed whether in order to make a warrantless arrest for a misdemeanor, the arresting officer must have reasonable cause to believe that the person committed that offense in his presence. There, the court noted that appellant’s arrest was illegal because the offense of driving under the influence did not occur in the officer’s presence. However, the court added that it was illegal “unless some exception to the presence requirement appliedfd]. The only exception advanced by [the People] [was] that contained in section 40300.5 . . .” (Id., at p. 851.) The People there did not address the issues now before this court.