**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  21-10357 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:13-cr-00366-KJM-1 |
| DASHAWN WILLIAMS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted March 28, 2023[**]
San Francisco, California

Before:  GOULD and IKUTA, Circuit Judges, and KORMAN,[***] District Judge.

Dashawn Williams appeals from the district court's judgment revoking

supervised release and remanding Williams to custody for 24 months with a term of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

12-months supervised release to follow.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

"We review the district court's decision to revoke a term of supervised release for an abuse of discretion."  *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).  "On a sufficiency-of-the-evidence challenge to a supervised release revocation, we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence."  *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (citation and quotation marks omitted).  And "[w]hether a defendant has received due process at a revocation proceeding is a mixed question of law and fact we review de novo."  *Perez*, 526 F.3d at 547.

1. Sufficient evidence supports the finding that Williams committed an assault with a deadly weapon in violation of Section 245(a)(1) of the California Penal Code.  To have completed an assault, California law does not require that the defendant "do everything physically possible to complete a battery short of actually causing physical injury to the victim."  *People v. Chance*, 44 Cal. 4th 1164, 1175 (2008).  Here, the victim testified that Williams pointed a box cutter at her with its blade open.  Williams appeared to be "angling" for a fight and threatened the victim.  This conduct is sufficient to establish the offense.  *See People v. Bernal*, 42 Cal. App. 5th 1160, 1168 (2019); *see also People v. Superior*

*Ct. of Riverside Cnty.*, 86 Cal. App. 5th 268, 280 (2022) (finding evidence that the defendant "put[] himself in close proximity to [the victim] and aggressively wield[ed] a sharp knife" sufficient under § 245(a)(1)).

2. Sufficient evidence supports the district court's findings that Williams committed the crimes of (1) threatening crime with intent to terrorize, in violation of Section 422(a) of the California Penal Code, and (2) disorderly conduct by public intoxication, in violation of Section 647(f) of the California Penal Code.

The record supports the conclusion that Williams had the requisite specific intent to make a criminal threat. Indeed, as the district court correctly found, Williams "was not so impaired to undermine his ability to communicate with the victim, with the third parties in the car nearby, [and] with the officers immediately upon apprehension." Further, as the district court explained, "[w]hen the victim rebuffed him, he . . . threaten[ed] to harm her," and his threat was "clear, immediate, unconditional, and specific." *See In re George T.*, 33 Cal. 4th 620, 630 (2004) (citation omitted).

At the same time, a rational trier of fact could have found, as the district court did, that Williams was intoxicated "in [a] public place . . . in a condition that [he was] unable to exercise care for [his] own safety or the safety of others." Cal. Penal Code § 647(f). The record supports the district court's conclusion that Williams was intoxicated and that he was unable to care for the safety of others

because he possessed a dangerous weapon while visibly inebriated, and that he used that box cutter to threaten another person.

3. The district court's findings that Williams violated both Section 422(a) and Section 647(f) are not inconsistent, and due process does not require that the government introduce "scientific evidence" of Williams's "neurological capacity" to prove both crimes were committed.

Even where a voluntary intoxication defense is asserted for a specific intent crime, and the defendant is shown to be intoxicated, the fact finder need not conclude that the intoxication impaired the defendant's ability to act with specific intent. *See People v. Gaytan*, 38 Cal. App. 2d 83, 87–88 (1940) (holding that the trier of fact must determine "whether appellant's state of voluntary intoxication was such as to render him incapable of forming the specific intent to commit larceny"); *People v. Reza*, 121 Cal. App. 3d 129, 131 (1981) (affirming conviction for a specific intent crime where defendant allegedly "had been drinking at a party" and "did not remember what happened"); *cf. People v. Mendoza*, 18 Cal. 4th 1114, 1134 (1998) ("Evidence of intoxication, while legally *relevant,* may be factually unconvincing."). Indeed, California courts do not require an intoxication instruction to the jury in some cases even where the defendant "was, to some degree, intoxicated on the night of the offense." *People v. Dunkle*, 36 Cal. 4th 861,

4

911 (2005), *disapproved of on other grounds by People v. Doolin*, 45 Cal. 4th 390 (2009); *see also People v. Ramirez*, 50 Cal. 3d 1158, 1181 (1990).

The intoxication element of the disorderly conduct offense focuses on whether the defendant is "under the influence of alcohol," not whether the drunkenness impaired defendant's mental state. *See People v. Wolterman*, 11 Cal. App. 4th Supp. 15, 20 (1992), *as modified,* (Nov. 17, 1992); *People v. Lively*, 10 Cal. App. 4th 1364, 1368–69 (1992) ("This offense is complete if the arrestee is (1) intoxicated (2) in a public place and *either* (3) is unable to exercise care for his own safety or the safety of others *or* (4) interferes with or obstructs or prevents the free use of any street, sidewalk or public way.").

Thus, here, "based on the evidence . . . any rational fact finder could have found a consistent set of facts supporting both convictions," and "due process does not require that the convictions be vacated." *Masoner v. Thurman*, 996 F.2d 1003, 1005 (9th Cir. 1993); *cf. People v. Marshall*, 13 Cal. 4th 799, 848 (1996) (noting a defendant's blood-alcohol content may "suggest[] some impairment, as might have rendered [defendant] an unsafe driver," but the same record did "not support a conclusion that . . . defendant was unable to premeditate or form an intent to kill").

**AFFIRMED.**