SHINN, J.,
 
 pro
 
 tem.
 

 Defendant appeals from a judgment of conviction of violation of section 502, Vehicle Code (driving an automobile while intoxicated).
 

 The evidence, from the viewpoint most favorable to the state, shows that in the early morning hours, a Chevrolet collided with the left side of a Dodge, which was parked at the curb, proceeded ahead, struck and became locked with the left front of an Oakland, parked at the curb ahead of the Dodge, shoving the right front wheel of the Oakland onto the curb. When witnesses appeared defendant and a young-woman were standing at the scene of the disaster. At the suggestion of the owner of the Oakland an attempt was made to disengage the Chevrolet, the right front wheel of which was badly twisted and turned out of line. Efforts to shove the Chevrolet, in which efforts defendant joined, were unsuccessful. Defendant, being then and there intoxicated, entered the Chevrolet, started the motor, engaged the gears in reverse, and, while others shoved, aided in backing the Chevrolet some four or five feet. The right front wheel was so nearly demolished that the process of locomotion was described as "dragging” the front axle. The Chevrolet was outside of and practically parallel with the Oakland. The purpose in moving it was to disengage it from the other car and to park it at the curb.
 

 The conviction of defendant cannot be upheld on the theory that he was driving the Chevrolet at the time the acci
 
 *Supp. 773
 
 dent occurred. He was not seen in the car until he entered it to move it, and the inferences point no more strongly to him as the one who had been driving it than to the young woman who appears to have been his companion.
 

 The judgment must be reversed unless the acts of defendant, in the moving of the ear after.the accident, as above related, constituted a commission of the offense charged.
 

 Section 502, Vehicle Code, reads as follows: “When Person Driving Under Influence of Liquor Guilty of Misdemeanor. It is unlawful for any person who is under the influence of intoxicating liquor to drive a vehicle upon any highway. Any person convicted under this section shall be punished upon a first conviction by imprisonment in the county jail for not less than thirty days nor more than six months or by fine of not less than fifty dollars nor more than five hundred dollars or by both such fine and imprisonment and upon a second or any subsequent conviction by imprisonment in the county jail for not less than ninety days nor more than one year or by a fine of not less than two hundred dollars nor more than one thousand' dollars or by both such fine and imprisonment.”
 

 To say that defendant “drove” his ear on the highway would be to allow the general language of the statute to extend its operation beyond the scope of its obvious purpose. It would require that the word “drive” should be understood as embracing any movement of a car under its own power, however slight the movement and however urgent or imperative the necessity therefor, and however incapable the car, after an accident, might be of use for the purpose of travel, so long as it could be moved at all by its own power. The car in question was not being taken away, nor from one place to another. It was being moved into a safe location at the same place. It was being taken out of the way of traffic, not into it. In its disabled condition it could not have been driven or moved under its own power for any considerable distance.
 

 The section relates only to driving. It is not broad enough to cover the many acts of operating, moving or propelling motor vehicles which could not properly be called driving. The legislature must have had in mind emergency situations, such as the one shown in the present case, when it chose not to frame the statute in more comprehensive terms.
 

 
 *Supp. 774
 
 The rule is as old as the law itself that a statute will not be given an interpretation in conflict with its clear purpose, and that general words used therein will be given a restricted meaning' when reason and justice require it, rather than a literal meaning which would lead to an unjust and absurd consequence.
 

 It is recorded in Puffendorf’s “The Law of Nature and Nations”, English translation, 2d ed. (1710), book 5, page 424, that a law of Bologna, which provided that whosoever should draw blood upon a street should be severely punished, under which law a barber was indicted for opening a vein of a sick man, should be so construed as not to penalize such an act of mercy.
 

 Mr. Justice Field, in
 
 United States
 
 v.
 
 Kirby,
 
 7 Wall. 482 [19 L. Ed. 278], in holding that the arrest of a mail carrier by a state officer on an indictment for murder did not violate an act which made it an offense for any person to “knowingly and wilfully obstruct or retard the passage of the mail or of any driver or carrier”, etc., although the act charged came within the letter of the law, stated the rule of interpretation as follows: “All law should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice or oppression or an absurd consequence. It will always be presumed that the legislature intended exceptions to its language which would avoid results of this character. The reason of the law in such eases should prevail over the letter. ’ ’ Instances of the application of the rule are found in
 
 Ex parte Lorenzen,
 
 128 Cal. 431 [61 Pac. 67, 79 Am. St. Rep. 47, 50 L. R. A. 55], and in
 
 People
 
 v.
 
 Earl,
 
 19 Cal. App. 69 [124 Pac. 887].
 

 The temporary parking of a tow-car used in moving a wrecked car has been held not to be a violation of a section of the Vehicle Code prohibiting the parking or leaving of a car on the paved portion of a highway, unless a clear and unobstructed width of not less than 15 feet remains
 
 (Fleming
 
 v.
 
 Flick,
 
 (1934) 140 Cal. App. 14 [35 Pac. (2d) 210]), the court remarking by way of illustration that it would be unreasonable to hold that an ambulance might not be so left, during the removal of an injured person, without violating the law.
 

 The facts of the particular ease must determine whether the acts shown to have been committed constitute a violation
 
 *Supp. 775
 
 of the statute which is involved in the case. We do not undertake to give a definition to the word “drive” which would be applicable to all situations. But taking the meaning of the word from the context of the statute, rather than its definition by lexicographers
 
 (Perry
 
 v.
 
 Gross,
 
 (1916) 172 Cal. 468 [156 Pac. 1031]), we do hold that the act of the defendant in moving the car, which was in no condition to drive, did not amount to driving the car upon the highway, and the conviction of defendant therefor is not sustained by the evidence.
 

 The judgment is reversed and the cause remanded to the municipal court of the city of Long Beach for a new trial.
 

 Shaw, P. J., and Sehauer, J., concurred.