[Civ. No. 16987. Fourth Dist., Div. One. Nov. 29, 1978.]

WILLIAM HENRY COWMAN, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

COUNSEL

Evelle J. Younger, Attorney General, and Melvin R. Segal, Deputy Attorney General, for Defendant and Appellant.

Plourd, Blume & Scoville and Richard F. Strickland for Plaintiff and Respondent.

OPINION

**BROWN (Gerald), P. J.**—The Department of Motor Vehicles (DMV) appeals the judgment granting William Cowman a writ of mandate overturning the department's order suspending Cowman's driver's license for refusing to take a chemical test to determine his blood alcohol content (Veh. Code, § 13353).

While Cowman was driving on Highway 111 near Covina Beach along the Salton Sea, another vehicle, he said, forced him off the highway and his car came to rest in the sand, down a six-foot embankment. He was not injured. Whether his car was damaged as a result of this event is not clear. Unable to extricate the car, he sought the services of a tow truck. The

highway patrol responded. The officer arrested Cowman for drunk driving (Veh. Code, § 23102, subd. (a)).

Without a warrant a peace officer may arrest a person involved in a traffic accident when he has reasonable cause to believe that person has been driving while under the influence of intoxicating liquor (Veh. Code, § 40300.5).

The superior court found Cowman was not involved in an accident within the meaning of section 40300.5 because there was no injury to person or property; for that reason the court concluded the DMV abused its discretion in finding Cowman was lawfully arrested, and suspension of his driver's license was an abuse of discretion.

■ The sole issue is whether Cowman was in an accident, where there was no injury or damage to person or property. There is no issue regarding "traffic," since a vehicle was involved (*People* v. *Ashley*, 17 Cal.App.3d 1122, 1127 [95 Cal.Rptr. 509]).

An accident is an unexpected happening, a mishap, an unfortunate occurrence (Webster's New World Dict. of the American Language); an unexpected and undesirable event, anything that occurs unexpectedly or unintentionally (American Heritage Dict. of the English Language) (1976); an unexpected event (Concise Oxford Dict.); an unusual event happening without foresight or expectation (Compact Ed. of the Oxford English Dict.); an unforeseen unplanned event, one occurring by chance, lacking intention (Webster's Third New Internat. Dict.); a fortuitous circumstance, event, or happening, unusual and unexpected by the person to whom it happens; an unusual or unexpected result attending the performance of a usual or necessary act; some sudden and unexpected event taking place without expectation upon the instant (Black's Law Dict. (4th ed.). "No all-inclusive definition of the word 'accident' can be given. It has been defined 'as "a casualty—something out of the usual course of events and which happens suddenly and unexpectedly and without design of the person injured." ' . . . It ' "includes any event which takes place without the foresight or expectation of the person acted upon or affected by the event." ' " (Citations omitted.) *Geddes & Smith, Inc.* v. *St. Paul Mercury Indemnity Co.*, 51 Cal.2d 558, 563 [334 P.2d 881].

In some situations the Legislature requires particular conduct for drivers involved in an accident resulting in injury to persons, property, or

death (Veh. Code, §§ 20001, 20002, 20008, 2412). However, section 40300.5 makes no mention of what results from the accident; there is no requirement of injury from the accident, for the arrest.

We hold Cowman, who unexpectedly drove his car off the highway down a six-foot embankment, coming to rest in the sand, was involved in an accident within the meaning of Vehicle Code section 40300.5.

Judgment reversed.

Cologne, J., and Wiener, J., concurred.