Opinion
ROTHMAN, J.
Defendant appeals from his conviction, after jury trial, of violating Vehicle Code section 23102, subdivision (a) (driving under the influence of alcohol). On appeal, defendant contends that the trial court erred in permitting testimony regarding his admission that he was the driver of the vehicle in question in the absence of a prima facie showing by the People of the corpus delicti independent of that admission. Defendant also contends that the trial court erred in failing to adequately admonish the jury with respect to a diagram shown to the jury by the People during their opening statements. Since we find that the People did not adequately establish the corpus delicti of the offense charged, we address only that issue.
*Supp. 3 In every criminal prosecution it is necessary to establish the “corpus delicti,” that is, the body or the elements of the crime. (1 Witkin, Cal. Crimes, § 88, pp. 84-85; People v. Lopez (1967) 254 Cal.App.2d 185, 189 [62 Cal.Rptr. 47].) The corpus delicti consists of two elements: (1) the facts which form tiie basis of the loss, injury or harm and (2) the existence of a criminal agency as its cause. (Witkin, supra; People v. Dorsey (1974) 43 Cal.App.3d 953, 961 [118 Cal.Rptr. 362]; People v. Lopez, supra.) The identity of the individual committing the crime is not a part of the corpus delicti and, thus, the establishment of the corpus delicti does not require proof of the identity of the perpetrator or proof that the person charged committed the offense. (People v. Lopez, supra.) Rather, all that need be shown is “that a crime was committed by someone. ” (In re Robert P. (1981) 121 Cal.App.3d 36, 39, [175 Cal.Rptr. 252] italics in original.) Therefore, where the offense is driving under the influence, in violation of former Vehicle Code section 23102, subdivision (a) or the current Vehicle Code section 23152, the corpus delicti is established by a prima facie showing that: (1) an individual, (2) while under the influence of intoxicating liquor, or under the combined influence of intoxicating liquor and any drug; (3) drove a vehicle on a highway.
In the instant case, Larry Keehne testified at trial that, at approximately 11:30 p.m. on December 5, 1981, he was traveling eastbound on the San Bernardino Freeway when he saw a Volkswagen, less than 100 yards ahead of him in the second lane, move across the freeway at a 45 to 60 degree angle and hit a guardrail. The Volkswagen then slid for a bit and rolled over about three times before coming to a stop upright, in the shoulder lane, partially protruding into lane four. Between the time the vehicle first hit the guardrail and when it finally came to a stop, the two men in the car were thrown out and one of them landed between lanes two and three of the freeway. Mr. Keehne stopped his vehicle and, along with the other man thrown from the Volkswagen, moved the man lying on the freeway to the shoulder. Keehne could not estimate the speed at which the Volkswagen was traveling, nor could he recall either of the two men.
Officer Jack Greenwood then testified that, in response to a radio dispatch, he arrived at the scene to find two people standing near the Volkswagen, one of whom was defendant. Greenwood asked defendant who was driving the vehicle, to which defendant responded, “I was.” The officer proceeded to question defendant as to how the accident occurred and, while talking to defendant, noticed that he appeared unsteady, that his eyes were bloodshot and watery, and that he had a strong odor of alcohol on his breath. Greenwood then had defendant perform field sobriety tests and, after defendant was unable to satisfactorily perform same, placed him under arrest for driving under the influence. Defendant’s timely objections at trial to the introduction of any statements made by him were overruled and defendant was convicted.
*Supp. 4 In People v. Kelley (1937) 27 Cal.App.2d Supp. 771 [70 P.2d 276], this court reversed a conviction for driving while intoxicated on facts similar to those presented in the instant case. In Kelley, defendant and a young woman were seen standing at the scene of a car accident shortly after it occurred. Defendant was intoxicated, but his companion apparently was not. In concluding that the conviction of defendant for driving while intoxicated could not be upheld on the theory that he was driving the vehicle in question at the time of the accident, this court relied on the fact that defendant “was not seen in the car until he entered it to move it, and the inferences point no more strongly to him as the one who had been driving it than to the young woman.” (Id. at p. 773.) Thus, in Kelley, there was no evidence that the vehicle involved in the accident was driven by someone who was intoxicated. In this respect, the Kelley decision can be distinguished from that in People v. Ellena (1924) 67 Cal. App. 683 [228 P. 389], where the court held that the corpus delicti of the offense of driving under the influence was established by a showing that all of the persons in the front seat of a vehicle at the time of an accident were intoxicated since such evidence was sufficient to establish that the car was driven by someone who was under the influence.
In the instant case, as in Kelley, supra, 27 Cal.App.2d Supp. 771, other than defendant’s own statements, there was no proof whatsoever that defendant was the driver of the vehicle. The only witness to the accident, Mr. Keehne, saw two men thrown from the Volkswagen and was unable to identify defendant as the driver. Thus, it is just as likely that the other man, concerning whom there was no evidence of intoxication, was driving the vehicle. Further, contrary to the People’s contention, the fact of the accident itself is insufficient evidence from which it can be inferred that the vehicle was necessarily driven by an intoxicated individual. Under these circumstances, it was error for the trial court to allow testimony regarding defendant’s admission that he was the driver of the vehicle.
The judgment is reversed.
Foster, Acting P. J., and Jones, J., concurred.