Opinion
ZIEBARTH, P. J.
I

Statement of the Case

In the instant case, the appellant appeals from a conviction as the result of a court trial of a violation of Vehicle Code section 23152. He had brought *Supp. 52 a pretrial motion in limine to exclude an admission by the appellant that he had been the driver of the vehicle which was found at the scene of a one-vehicle traffic accident until the prosecution had established the corpus delicti of the crime. The trial court denied the motion and the case then proceeded to trial.
We are, therefore, called upon to determine whether the prosecution met its burden of establishing the corpus delicti for the crime that the appellant was charged with.
II

Facts

On June 24, 1982, at approximately 2 p.m., Officer Abarca of the Rialto Police Department was dispatched to the scene of a traffic collision located on Cactus Street just south of El Molino in the City of Rialto. Upon arrival at the above-described location, Officer Abarca saw a red 1978 Chevrolet pickup off the road with a male person, later identified as the defendant, leaning against the passenger side door of the pickup. The officer also observed three or four other male people standing nearby further away from the truck.
The officer immediately walked up to the defendant as he was leaning up against the truck. Before any conversation between the officer and the defendant had transpired, the officer detected a strong odor of alcohol about the defendant’s person; noticed that he had bloodshot, glassy and watery eyes, and saw that his balance was very poor.
The officer then asked the defendant if he had been driving the truck, and the defendant responded that he had been the driver.
After the defendant related to the officer how the accident had occurred, the officer had the defendant step out to the smooth asphalt surface of Cactus Street to perform some field sobriety tests.
At some point in his investigation after confronting the defendant, the officer asked the other three or four people standing nearby whether any of them was the driver or had witnessed the accident, and they each said that they had not driven the truck nor witnessed the accident.
In concluding his investigation, the officer arrested the defendant for driving under the influence.
*Supp. 53 III

Discussion

In the recent case of People v. Nelson (1983) 140 Cal.App.3d Supp. 1 [189 Cal.Rptr. 845], the reviewing court analyzed the concept of “corpus delicti” as it applies to the criminal charge of driving under the influence of alcohol, in violation of Vehicle Code section 23152. The Nelson court (at supp. p. 3) concluded as follows: “In every criminal prosecution it is necessary to establish the ‘corpus delicti,’ that is, the body or the elements of the crime. (1 Witkin, Cal.Crimes, § 88, pp. 84-85; People v. Lopez (1967) 254 Cal.App.2d 185, 189 [62 Cal.Rptr. 47].) The corpus delicti consists of two elements: (1) the facts that form the basis of the loss, injury or harm and (2) the existence of a criminal agency as its cause. (Witkin, supra; People v. Dorsey (1974) 43 Cal.App.3d 953, 961 [118 Cal.Rptr. 362]; People v. Lopez, supra.) The identity of the individual committing the crime is not a part of the corpus delicti and, thus, the establishment of the corpus delicti does not require proof of the identity of the perpetrator or proof that the person charged committed the offense. (People v. Lopez, supra.) Rather, all that need be shown is lthat a crime was committed by someone.’’ (In re Robert P. (1981) 121 Cal.App.3d 36, 39 [175 Cal.Rptr. 252] italics in original. Therefore, where the offense is driving under the influence, in violation of former Vehicle Code section 23102, subdivision (a) or the current Vehicle Code section 23152, the corpus delicti is established by a prima facie showing that: (1) an individual, (2) while under the influence of intoxicating liquor, or under the combined influence of intoxicating liquor and any drug; (3) drove a vehicle on a highway.)”
■ The question we must decide then is whether there was sufficient evidence before the trial court to make at least a prima facie showing that: (1) an individual (2) while under the influence of intoxicating liquor, or the combined influence of intoxicating liquor and any drug, (3) drove a vehicle on a highway. This showing had to have been made by the prosecution without the benefit of the appellant’s admission that he had been the driver of the vehicle that was found up against a telephone pole. In a criminal prosecution (as the prosecution concedes in its brief) a defendant’s admission is not admissible into evidence unless and until the corpus delicti of the crime charged has been established by the prosecution. (People v. Cullen (1951) 37 Cal.2d 614, 624 [234 P.2d 1].) However, to establish the corpus delicti of a crime, as the precondition for the receipt of a defendant’s admission into evidence, it is only necessary for the prosecution to establish a prima facie case, and it is not necessary to establish the corpus delicti beyond a reasonable doubt. (Id. at pp. 624-625.)
*Supp. 54 What evidence had the prosecution presented to the trial court in its attempt to establish the corpus delicti of the offense charged?
The record in the instant case indicates that when Officer Abarca arrived at the scene of the traffic collision, he observed a 1978 red Chevy pickup truck to be off the road. The motor was not running and no one was behind the wheel of the truck. The officer observed a subject he later determined to be the appellant to be leaning up against the passenger’s door of the truck. The passenger’s door was shut at the time. The appellant did not appear to be injured at all. As the officer approached the appellant, he detected a very strong odor of an alcoholic beverage coming from the breath and person of the appellant. Also he noticed that his balance was very poor. He also noticed that the appellant’s eyes were very bloodshot, glassy and watery. That led the officer to conclude that the appellant was under the influence of alcohol. However he still had no direct evidence that the appellant had been the driver of the pickup truck that had been involved in the accident.
The officer also noticed that there were three or four other males who were standing nearby. He asked them whether they had witnessed the traffic accident or anything that had happened out there, and they replied that they had not. They also apparently indicated that none of them had been the driver of the vehicle. At that point even without the appellant’s admission, the officer could have reasonably concluded that none of those persons had been the driver of the pickup truck. If none of the other persons had been the driver of the pickup truck, then who was? The only person who was in that general area at that time was the appellant. Also, he was the person who was standing close to the vehicle. Therefore, it would have been reasonable for the officer to conclude the appellant had been the driver, even without his admission of same.
With this evidence, had the prosecution established a prima facie that someone had violated Vehicle Code section 23152? The prosecution had offered direct evidence of the appellant’s condition at the scene of the accident as observed by the officer. The prosecution also had offered circumstantial evidence that the appellant had driven the vehicle on a highway by offering testimony of the location of the vehicle in relation to the highway, the denial of the other persons present that any of them had driven the vehicle just before the accident, and lastly, the position of the defendant in relation to the vehicle.
We have, therefore, concluded that even without the appellant’s admission that he had driven the vehicle, the prosecution had established a prima facie case that he had violated Vehicle Code section 23152. The admission by the appellant was merely “frosting on the cake.”
*Supp. 55 The instant case can be distinguished on its facts from the Nelson case and the case upon which the Nelson court relied, People v. Kelley (1937) 27 Cal.App.2d Supp. 771 [70 P.2d 276]. In Nelson, when the officer arrived at the scene of an accident, he saw two people standing near a Volkswagen, one of whom was the defendant. He had also been informed by a witness at the scene that two people had been thrown from the vehicle. The officer approached the defendant and asked him who had been driving the vehicle. The defendant responded, “I was.” (See. Nelson, supra, 140 Cal.App.3d at Supp. p. 3.)
In Kelley, the defendant and a young woman were found standing together at the scene of a traffic accident shortly after it had occurred. The reviewing court in Kelley reversed the defendant’s conviction for driving under the influence because the inferences that could be drawn from the facts did not point any more strongly towards the defendant having been the driver of the vehicle in question than to his young woman companion. (See Kelley, supra, 27 Cal.App.2d Supp. p. 773.)
The Nelson court found that in the case before it, as in Kelley, there was no proof whatsoever that the defendant was the driver of the vehicle, other than his own statements. As discussed above, that is not the situation in the instant case.
We also note that Vehicle Code section 40300.5 provides that “Notwithstanding any other provision of law, a peace officer may, without a warrant, arrest a person involved in a traffic accident when the officer has reasonable cause to believe that the person had been driving while under the influence of an alcoholic beverage . . . .” There can be no question that there had been a traffic accident in the case at bench. (See Cowman v. Department of Motor Vehicles (1978) 86 Cal.App.3d 851 [150 Cal.Rptr. 559].) Furthermore, because of the appellant’s close proximity to the truck, Officer Abarca could safely assume that he had been the driver. Finally, the signs of intoxication manifested by defendant indicate he had probably been driving while intoxicated.
The appellant’s judgment of conviction is, therefore, affirmed.
Turner, J., and Rouse, J., concurred.