Opinion
COOPERMAN, P. J.
Defendant Ronald Wilson appeals from a judgment of conviction following a jury trial at which time he was found guilty as charged in count I of a misdemeanor complaint with violating Vehicle Code section 23152, subdivision (a) (driving under the influence of an alcoholic beverage).[1]
The reporter’s transcript of the trial proceedings reflects the following evidence:
California Highway Patrol Officer Jerelyn Albers and her partner, Officer Miranda, were on patrol on the 60 Freeway, in uniform and in a marked Highway Patrol vehicle, on September 15, 1983, at 3 a.m. At that time Officer Albers saw a vehicle “parked on the shoulder át an angle on the shoulder with the left rear portion of the vehicle partially into the No. 3 lane and the lights were all on.” The officers pulled in behind the parked vehicle and upon illuminating its interior they observed one person in the vehicle.
Officer Albers approached the parked vehicle and as she did so she noticed that its engine was running, the vehicle was in park and the air conditioner was running. Upon approaching the vehicle, Officer Albers saw defendant behind the wheel and asleep. To avoid the possibility of an accident, Officer Albers opened the vehicle door and turned off the engine before awakening defendant.
After awakening defendant, Officer Albers asked him to exit the vehicle. When he exited his vehicle, defendant walked right into the middle of the traffic lane. Officer Albers had to grab him and pull him back. The officer noted an odor of an alcoholic beverage about defendant’s person. Defendant *Supp. 4 also exhibited other symptoms of intoxication, including slurred speech, disorientation, and bloodshot, watery eyes.
When Officer Albers felt that defendant was completely awake, she asked him some questions. She asked defendant if he had been drinking. He answered in the affirmative. In response to further questions, defendant said he did not know how much he had to drink but said that he began drinking about 7 p.m. and stopped about 10 p.m. Further response from defendant indicated that he was disoriented as to time and location. Defendant said that he was “out” approximately two hours. Apparently, defendant did not know how long he had been asleep but felt that he had been driving about two hours. The vehicle belonged to defendant. He further indicated that there was nothing mechanically wrong with his vehicle. The location of defendant’s vehicle was approximately one and a half miles from the nearest onramp.
Defendant was asked to perform a series of field sobriety tests. Officer Albers formed the opinion that defendant was under the influence of an alcoholic beverage based on his poor performance of those tests, the odor of an alcoholic beverage emanating from him and the other symptoms of intoxication he had exhibited.
Cynthia Wilson, defendant’s ex-wife, testified that she had dinner with defendant on the evening preceding his arrest and that between about 6:30 p.m. and about 9 or 10 p.m. defendant drank two beers. He left her apartment about 11 p.m. Wilson said defendant’s vehicle overheated but she did not recall defendant complaining about the vehicle overheating that evening.
Defendant testified in his own behalf. The substance of his testimony concerning what transpired until he left the company of his ex-wife was the same as her testimony. He then testified that he left his ex-wife’s apartment between 11 and 11:30 p.m. and drove around for about two hours because he was lost. During his drive, defendant stopped to purchase cigarettes and at that time bought a six-pack of beer. His vehicle overheated on the freeway and defendant pulled over to the side.
Defendant testified that he probably did not do well on the field sobriety tests for the following reasons: He was tired. He also had a back problem. Moreover, he wore his glasses during the finger-to-nose test although tie is not supposed to wear his glasses for close work. Additionally, the spotlights of the police vehicle were shining in his eyes.
After defendant stopped by the side of the freeway he put on his flasher lights. A truck stopped and the driver, who was drinking a beer, offered to *Supp. 5 help defendant. Defendant declined the offer. The driver then asked defendant if he wanted a beer. Defendant declined the offer of the truck driver and, instead, he gave the truck driver a beer. The truck driver and defendant each had about three beers and then the truck driver left.
About an hour and a half later, when his vehicle cooled down, defendant tried to start it, but he was unsuccessful. He had turned on his vehicle lights so he could see where to add coolant to the radiator and fell asleep at the wheel. Defendant stated that his vehicle heater was on, not the air conditioner. Defendant thought the officer believed the air conditioner was on because there was not enough fluid in the vehicle radiator to cause hot air to come out of the heater.
Defendant testified that when he began drinking beer by the side of the freeway, he had assumed he would not be able to drive and was planning on calling his roommate at 6 a.m. Defendant also testified that he told Officer Albers about his back problem. She did not ask him if he was having vehicle trouble.
Defendant conceded that he did not do well on the tests in part because of the effects of the beer.
Defendant’s position on appeal is threefold: (1) Vehicle Code section 23152, subdivision (a), is unconstitutionally vague for the reason that the word “drive,” specifically its derivative, “driving,” fails to give a person adequate notice of what is proscribed; (2) The trial court committed reversible error by failing to instruct on the definition of “driving”; and (3) There is insufficient evidence to show that defendant had been “driving” while under the influence.
We find no merit to defendant’s position and affirm.
Initially, we reject defendant’s contention that the word “drive” as used in Vehicle Code section 23152, subdivision (a)[2] is impermissibly vague. “A statute or ordinance violates fundamental due process if it requires or prohibits the doing of an act with such vagueness that a person of common intelligence must guess at its meaning. It must be sufficiently definite to provide a standard of conduct, or notice, and a standard for ascertaining guilt. (Bowland v. Municipal Court (1976) 18 Cal.3d 479, 491 [134 Cal.Rptr. 630, 556 P.2d 1081]; People v. Barksdale (1972) 8 Cal.3d *Supp. 6 320, 327 [105 Cal.Rptr. 1, 503 P.2d 257].) However, a statute is presumed valid and courts will uphold it ‘if its terms may be made reasonably certain by reference to other definable sources.’ (People v. Superior Court Hartway) (1977) 19 Cal.3d 338, 345 [138 Cal.Rptr. 66, 562 P.2d 1315].) (People v. Katrinak (1982) 136 Cal.App.3d 145, 156 [185 Cal.Rptr. 869].)
Such sources include the dictionary definition of the word or phrase in question. (Ibid.) In this context, Webster’s Third New International Dictionary (1976) defines the transitive verb “to drive” as meaning “to operate the mechanism and controls and direct the course of (. . .a motor vehicle . . .).” (Id., at p. 692.) Moreover, the noun “driving” is defined as the “management of an automobile or other vehicle on the road.” (Ibid.)
From the foregoing, we conclude that a reasonable person would construe the phrase “to drive a vehicle” in subdivision (a) of section 23152 of the Vehicle Code as encompassing any act or action which is necessary to operate the mechanism and controls and direct the course of a motor vehicle. As construed by reference to the dictionary definitions, the word “drive” and its derivatives are not constitutionally infirm for vagueness. (See also People v. Jordan (1977) 75 Cal.App.3d Supp. 1, 8 [142 Cal.Rptr. 401].)
We next reject defendant’s related contention that the trial court committed reversible error by refusing to instruct the jury on the definition of “driving.”
“The language of a statute defining a crime or defense is generally an appropriate and desirable basis for an instruction .... If the jury would have no difficulty in understanding the statute without guidance, the court need do no more than instruct in the statutory language. [Citations.]” (People v. Jones (1971) 19 Cal.App.3d 437, 447 [96 Cal.Rptr. 795].) “Ordinary words and phrases in statutes require no definition because they are presumed to be understood by jurors. [Citations.]” (People v. Stewart (1979) 89 CaI.App.3d 992, 999 [153 Cal.Rptr. 242].)
In the present case the court instructed the jury pursuant to CALJIC No. 16.830 (rev.ed. 1981), which defines the offense in question in the language of Vehicle Code section 23152, subdivision (a). The record reflects that there was no request from the jury for clarification or explanation in this regard. Accordingly, we conclude that it was not error for the court to refuse to instruct the jury concerning the definition of the word “drive” or its derivative, “driving,” which are words in common usage and are ordinarily understood.
*Supp. 7 We also reject defendant’s remaining contention that there was insufficient evidence to establish that he had been “driving” or that he had been intoxicated at the time of driving.
“The question as to whether defendant drove the vehicle is a question of fact for the jury (People v. Quarles, 123 Cal.App.2d 1 [266 P.2d 68]) .... An appellate court will assume every fact and inference which the trier of fact could reasonably have deduced from the evidence (People v. Powell, 187 Cal.App.2d 709, 712 [10 Cal.Rptr. 116]) .... ‘On appeal the evidence and inference must be viewed in a light most favorable to the respondent. ... To warrant reversal, it must be made clearly to appear that, on no hypothesis, is there sufficient substantial evidence to support the conclusion of the lower court.’ (People v. Moseley 240 Cal.App.2d 859, 863 [50 Cal.Rptr. 67], citing cases.)” (People v. Hanggi (1968) 265 Cal.App.2d Supp. 969, 971-972 [70 Cal.Rptr. 540].)
The defendant in Hanggi, as the defendant here, urged that there was insufficient evidence to support a finding that he had been “driving.” In rejecting that contention, the Hanggi court announced: “. . . we conclude that there was ample evidence from which the jury could have inferred that the defendant had been driving his vehicle on the public highway at a time when he was intoxicated. From the combination of circumstances—defendant’s sitting in a vehicle in the center of the street—behind the wheel-engine running—lights on, it can be inferred that defendant must have placed himself in such position, and that he accomplished this by driving the car to the place at which he was found. Defendant suggests various possibilities, such as a friend driving the car to the place where found and the defendant thereafter replacing him, but unable to drive further. He also suggests the possibility that defendant had been visiting in the area, had too much to drink, got into the car intending to drive but was unable to go further. It seems unlikely that in either situation the car would have been left parked in the middle of the street, straddling the traffic lanes and facing generally at right angles to the street. Suffice it to say that the jury apparently discarded these possibilities as being unreasonable and adopted the more likely deduction that defendant had driven himself to the area and was then unable to continue.” (Id., at p. 972; cf. People v. Nelson (1983) 140 Cal.App.3d Supp. 1, 3-4 [189 Cal.Rptr. 845]; People v. Kelly (1937) 27 Cal.App.2d Supp. 771, 773 [70 P.2d 276].)
Similarly, we also conclude that there is substantial evidence from which the jury here could have inferred that: (1) It was defendant who drove the vehicle on the public highway to where it was stopped; and (2) defendant was intoxicated at the time.
*Supp. 8 Although the vehicle was in the “park” gear with “the brakes . . . on,” the vehicle was stopped partly on the shoulder of the 60 Freeway at an angle with its left rear portion partially intruding into the No. 3 lane. Clearly, this was not a normal parking place or position for a vehicle to be stopped. Moreover, the vehicle did not simply materialize at that location. Obviously, someone drove it there.
That someone was defendant, according to the jury. Defendant was the sole occupant of the vehicle. He was found seated in the driver’s seat. At no time did he claim that anyone else had driven the vehicle to that location, and the vehicle belonged to defendant.
There is abundant evidence in the record that defendant had been drinking prior to his stopping the vehicle on the shoulder of the freeway. Also, his disorientation and poor performance of the field sobriety tests constitute ample evidence from which the jury could infer that his driving ability was impaired.
We disagree with defendant’s assertion that there can be no conviction for driving under the influence unless there was at least a “slight movement” of the vehicle in question at the time the officers confronted defendant. Defendant misapprehends the context in which the issue of a “slight movement” of the vehicle arises.
As a general rule, a peace officer can only make a lawful warrantless arrest for a misdemeanor offense if he has reasonable cause to believe that it is being committed in his presence.[3] (Pen. Code, § 836, subd. (1).) With regard to the offense of driving under the influence of an alcoholic beverage or drug (Veh. Code § 23152, subd. (a)), a “slight movement” of the vehicle in the officer’s presence has been a determinative factor in concluding whether or not a defendant was “driving” in the presence of the officer. (Henslee v. DMV (1985) 168 Cal.App.3d 445, 450-453 [214 Cal.Rptr. 249]; see also People v. Engleman (1981) 116 Cal.App.3d Supp. 14, 18-20 [172 Cal.Rptr. 474].) In other words, a “slight movement” of the vehicle constitutes direct evidence that the vehicle was being “driven.” (Cf. People v. Kelley, supra, 27 Cal.App.2d Supp. 771, 772-774.)
*Supp. 9 On the other hand, where the sufficiency of the evidence to support the judgment is in question, as contrasted with the validity of a defendant’s arrest,[4] it is clear that the existence of evidence establishing a “slight movement” of the vehicle does not present a problem.[5] In the absence of such direct evidence of “driving”, the element of “driving” may nonetheless be established at trial through circumstantial evidence, which is the case here. (People v. Hanggi, supra, 265 Cal.App.2d Supp. at p. 972; People v. Garcia (1983) 149 Cal.App.3d Supp. 50, 53-54 [197 Cal.Rptr. 277]; see Burg v. Municipal Court (1983) 35 Cal.3d 257, fn. 10 [198 Cal.Rptr. 145, 673 P.2d 732]; see also People v. Smith (1967) 253 Cal.App.2d 711, 714-715 [61 Cal.Rptr. 557].)
Defendant’s assertion that there is insufficient evidence to show that he was intoxicated while driving is grounded in his version of the facts. In other words, he claims that he was sober at the time he was driving and stopped his vehicle, since the alcoholic beverages he had consumed earlier had already dissipated, and that his intoxicated state when confronted by the officers two hours later was due to the beer he had consumed after having stopped his vehicle. The jury obviously disbelieved his version, which it was entitled to do, in finding him guilty of driving under the influence of an alcoholic beverage. We cannot reweigh credibility on appeal. (People v. French (1978) 77 Cal.App.3d 511, 523 [143 Cal.Rptr. 782].
The judgment is affirmed.
Bernstein, J., and Shabo, J., concurred.

 Prior to trial defendant admitted to having suffered a prior conviction of that offense. Apparently, count II, which charged defendant with a violation of Vehicle Code section 23152, subdivision (b) (driving with a .10 percent or more blood alcohol level) was dismissed.

 Subdivision (a) of that section reads: “It is unlawful for any person who is under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle.”

 The two statutory exceptions are set out in Vehicle Code section 40300.5, which reads: “Notwithstanding any other provision of law, a peace officer may, without a warrant, arrest a person who is (1) involved in a traffic accident or (2) observed by the peace officer in or about a vehicle which is obstructing a roadway, when the officer has reasonable cause to believe that the person had been driving while under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug.” The second exception above would appear to be applicable to the facts here. However, that exception was not added until after the date of defendant’s arrest, and thus, is not applicable. (See Stats. 1984, ch. 722, § 1, pp.---.)

 Defendant does not challenge the legality of his arrest. Accordingly, that issue is not before us. Parenthetically, we point out that the only sanction involved where the arrest is established as being illegal, e.g., the offense was not committed in the officer’s presence, is the suppression of evidence, such as a chemical test, obtained following the arrest. {People v. Engleman, supra, 116 Cal.App.3d at pp. Supp. 19-20. People v. Jordan, supra, 75 Cal.App.3d at pp. Supp. 13-14.)

 Although the court in Jordan, supra, announced that “[t]o warrant conviction only slight movement is necessary ...” {Id., at p. Supp. 8), we conclude that the Jordan court misspoke. The Jordan case involved a People’s appeal challenging the lower court’s order suppressing evidence of the defendant’s chemical test on the basis that defendant had not been “driving” a “motor vehicle”. Defendant had not been convicted as of the time the appeal was taken.