Opinion
OSBORNE, J.
Defendant was convicted of driving while under the influence of an alcoholic beverage a few months after a prior similar conviction. He appeals from an order granting probation. He contends the prosecution’s evidence apart from his admissions did not establish the corpus delicti, and therefore the trial court erroneously denied his motion to exclude evidence of his admissions. We affirm.
In every prosecution for a crime, it is necessary to prove, by evidence other than extrajudicial admissions of the defendant, the corpus delicti, i.e., the body or elements of the crime. The corpus delicti does not include the identity or mental state of the perpetrator. (1 Witkin and Epstein, Cal. Criminal Law (2d ed. 1988), Elements of Crime, §§ 136-139.) Unless the corpus delicti is established, the defendant’s extrajudicial admissions cannot be received in evidence. (People v. Manson (1977) 71 Cal.App.3d 1, 41 [139 Cal.Rptr. 275]; People v. Wong (1973) 35 Cal.App.3d 812, 839 [111 Cal.Rptr. 314]; People v. Selby (1926) 198 Cal. 426, 432-439 [245 P. 426]; People v. Quarez (1925) 196 Cal. 404, 409 [238 P. 363].)
At the hearing on defendant’s motion, two state traffic officers testified. About midnight, an officer discovered a vehicle obstructing the roadway near the entrance and exit ramps to Highway 101. The parking lights of the vehicle were on. Defendant was the only person in the vicinity of the car. He was found intoxicated, sleeping in the front passenger’s seat of the car. He had the car keys on his person and the car was registered to a person with the same last name and address as defendant.[1]
*Supp. 4 The trial judge denied the motion. In addressing defendant’s contentions we note that defendant has relied on some cases which are inapposite.
Vehicle Code section 40300.5 authorizes a peace officer to arrest a person observed in or about a vehicle which is obstructing a roadway, when the officer has reasonable cause to believe he had been driving while under the influence of alcohol. Therefore, this case does not present the issue of whether defendant drove in the presence of the officer, and cases cited by defendant such as Padilla v. Meese (1986) 184 Cal.App.3d 1022 [229 Cal.Rptr. 310] and People v. Engleman (1981) 116 Cal.App.3d Supp. 14 [172 Cal.Rptr. 474] are inapposite.
This is not a case involving the definition of driving. Clearly, someone “drove” (under any definition of the word) the car to the place where it was found obstructing a roadway. Because there is no “presence” issue, there is likewise no issue as to how much movement or control is required to constitute driving in the presence of the arresting officer. Thus, cases cited by defendant such as People v. Jordan (1977) 75 Cal.App.3d Supp. 1 [142 Cal.Rptr. 401] and Henslee v. Department of Motor Vehicles (1985) 168 Cal.App.3d 445 [214 Cal.Rptr. 249] are inapposite.
The issue: Is there sufficient evidence to support a finding that the corpus delicti had been established, i.e., to support an inference that an intoxicated person drove the vehicle to the location where it was found?
Defendant cites People v. Kelley (1937) 27 Cal.App.2d Supp. 771 [70 P.2d 276] and People v. Nelson (1983) 140 Cal.App.3d Supp. 1 [189 Cal.Rptr. 845] in support of his argument that there is not sufficient evidence.
Those cases are distinguishable. In Nelson and Kelley, another person was present at the scene who was not shown to be intoxicated. The court held that it was just as likely that a sober person might have been the driver. Here, the intoxicated defendant was the only person found in or around the obstructing vehicle. (People v. Wilson (1985) 176 Cal.App.3d Supp. 1, 7-9 [222 Cal.Rptr. 540]; People v. Hanggi (1968) 265 Cal.App.2d Supp. 969 [70 Cal.Rptr. 540].) Further, even if another person had been present (as in Nelson and Kelley), there were circumstances in this case such as defendant’s possession of the keys and the similarity of the name and address on the registration to make it more likely that the intoxicated defendant was the person who drove the vehicle to its location. Thus, Kelley and Nelson are factually distinguishable.
*Supp. 5 Moreover, we believe that Kelley and Nelson are not consistent with current law regarding appellate review of corpus delicti findings. Nelson seems to imply that there must be sufficient evidence to infer “that the vehicle was necessarily driven by an intoxicated individual.” (People v. Nelson, supra, 140 Cal.App.3d at p. Supp. 4, italics supplied.) Nelson held that it was error for the trial court to allow testimony regarding defendant’s admission that he was the driver of the vehicle, where it was “just as likely that the other man, concerning whom there was no evidence of intoxication, was driving the vehicle.” In support of its conclusion, the court relied on Kelley, without apparently recognizing the difference between evidence sufficient to sustain a conviction and evidence sufficient to sustain a finding that the corpus delicti has been established.
Kelley, supra, 27 Cal.App.2d Supp. 771, was primarily devoted to consideration of the definition of driving, as applied to an attempt to dislodge a disabled vehicle from another it had struck. That discussion is irrelevant to the present issue. Kelley did discuss sufficiency of the evidence to sustain a conviction based on driving at the time of the impact. That discussion consisted of two sentences without citation or discussion of any authority or principles of review. (Id. at pp. Supp. 772-773.) But in any event, it related only to sufficiency of the evidence to sustain a conviction, and had nothing to do with review of a ruling on sufficiency of evidence of corpus delicti to receive admissions of driving.
Less evidence is required to establish the corpus delicti so that evidence of extrajudicial statements can be received, than is required to sustain a conviction. (People v. Selby, supra, 198 Cal. at p. 434.) Slight or prima facie proof is sufficient. (People v. Mehaffey (1948) 32 Cal.2d 535, 545 [197 P.2d 12].) A court may properly find a foundational showing of corpus delicti has been made, even though there are two possible contrary inferences before it. The prosecution need not eliminate all inferences tending to show innocence. The foundation may be laid by the introduction of evidence which creates a reasonable inference of criminal agency, even in the presence of an equally plausible noncriminal explanation of the event. (People v. Jacobson (1965) 63 Cal.2d 319, 327 [46 Cal.Rptr. 515, 405 P.2d 555]; People v. Towler (1982) 31 Cal.3d 105, 115 [181 Cal.Rptr. 391, 641 P.2d 1253].)
A reasonable trier of fact could properly find from the evidence, aside from defendant’s statements, that one reasonable, plausible inference was that the defendant, while under the influence of an alcoholic beverage, *Supp. 6 drove the car to the location where it was found by the traffic officer. Thus, we conclude that there is sufficient evidence to sustain the trial court’s ruling that the corpus delicti had been established.
Though not raised or discussed by either party, we feel obligated to comment on appealability. It would reasonably appear to the parties and the court that defendant’s motion would be dispositive of the case. If defendant’s admission of driving were admissible in addition to the evidence of his high blood-alcohol concentration, the facts would militate against acquittal at trial. Conversely, if the court ruled that the corpus delicti had not been established, defendant’s admission would not be admissible and the prosecution would be constrained to move to dismiss. The trial judge therefore heard the motion before taking time for jury selection.
After the hearing, the judge ruled that corpus delicti had been established and denied the motion. The issue could have been preserved for appeal by waiving jury, and submitting the case (with appropriate waivers) as a court trial, on the evidence presented during the hearing or on police reports. Instead, defendant pleaded no contest, was placed on probation, and then appealed.
Penal Code section 1237.5 and California Rules of Court, rule 31(d) limit the scope of appeals from a conviction entered upon a plea of guilty or no contest in the superior court, but are not applicable to appeals from the municipal court. (People v. Woods (1978) 84 Cal.App.3d 149, 154 [148 Cal.Rptr. 312].) However, there are other limitations on the scope of appeal. A plea of guilty or no contest admits all matters essential to the conviction, and the only matters reviewable on appeal are those based on constitutional, jurisdictional, or other grounds going to the legality of the proceedings. (People v. Perry (1984) 162 Cal.App.3d 1147, 1152 [209 Cal.Rptr. 414]; People v. DeVaughn (1977) 18 Cal.3d 889, 895-896 [135 Cal.Rptr. 786, 558 P.2d 872]; People v. Ribero (1971) 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308]; and Witkin, Cal. Criminal Procedure (1985 supp.) Appeal, § 639C, p. 906.) The issue raised does not involve such grounds.
Notwithstanding limitations on scope of appeal, issues are sometimes resolved on appeal for a variety of reasons including judicial economy (People v. Santos (1976) 60 Cal.App.3d 372, 378 [131 Cal.Rptr. 426]), avoidance of collateral attack based on inadequacy of counsel (People v. Tirado (1984) 151 Cal.App.3d 341, 348 [198 Cal.Rptr. 682]), and because a *Supp. 7 guilty plea was improperly induced by the trial court purporting to preserve a preplea issue on appeal (People v. DeVaughn, supra, 18 Cal.3d at p. 896; compare People v. Brown (1971) 18 Cal.App.3d 1052, 1055 [96 Cal.Rptr. 476]). We have addressed the merits of defendant’s contention in this case, because of similar considerations.
The judgment of conviction is affirmed.
Jones, P. J., and Lane, J., concurred.

 Although not affecting our conclusions, we note that defendant also testified at the hearing. He said he was driving alone, near the approach to the freeway, when the car overheated and stopped. He sat in the car about an hour before the first officer arrived, and had nothing to drink during that time.