110 Cal.Rptr.2d 930 (2001)
91 Cal.App.4th Supp. 1
The PEOPLE, Plaintiff and Appellant,
v.
Sandra Lynn McNORTON, Defendant and Respondent.
No. BR 41036.
Appellate Division, Superior Court, Los Angeles County.
June 13, 2001.
*931 Steve Cooley, District Attorney of Los Angeles County, Patrick D. Moran, Juliet Schmidt, Deputy District Attorneys, for Plaintiff and Appellant.
Bruce A. Hoffman, Alternate Public Defender of Los Angeles County, Felicia Kahn Grant, Deputy Alternate Public Defender, for Defendant and Respondent.

MEMORANDUM JUDGMENT
McKAY, J.
On April 4, 2000, the Los Angeles County District Attorney's Office (hereinafter appellant) filed a three-count misdemeanor complaint against Sandra Lynn McNorton (hereinafter respondent). The complaint alleged violations of the following sections of the Vehicle Code: count 1, section 23152, subdivision (a), driving a vehicle under the influence of an alcoholic beverage; count 2, section 23152, subdivision (b), driving a vehicle with a blood-alcohol level of 0.08 percent or higher; and count 3, section 16028, subdivision (b), failing to provide proof of financial responsibility. On May 11, 2000, the court appointed counsel to represent respondent and advised respondent of the charges, respondent entered a not guilty plea, and the matter was set for pretrial proceedings. On September 26, 2000, the trial court called the case for jury trial, and a panel of 35 jurors was sworn for voir dire. Prior to the jury being selected and sworn to hear the matter, counsel for respondent made an oral motion to exclude the statement made by respondent at the time of her arrest that she was the person driving the vehicle. When the trial court granted respondent's motion, appellant advised the court that without the statement they were unable to proceed. Respondent then made a motion to dismiss the complaint which the trial court granted.
Appellant timely appeals, pursuant to Penal Code section 1466, subdivision (1)(B), the order dismissing the complaint on the ground that the trial court erred in its finding that the statement was inadmissible because the facts did not establish the corpus delicti of driving under the influence of alcohol. Respondent challenges appellant's right to seek appellate review of the pretrial ruling. We conclude, as explained below, that the trial court's order dismissing the complaint was erroneous, and appellant may appeal the dismissal pursuant to Penal Code section 1466, subdivision (1)(B).
We will initially address respondent's challenge to the appealability of the trial court's order of dismissal. The People's right to appeal in a misdemeanor case *932 is strictly statutory, and Penal Code section 1466, subdivision (1),[1] enumerates the circumstances under which the People may appeal. (See People v. A-1 Roofing Service, Inc. (1978) 151 Cal.Rptr. 522, 87 Cal. App.3d Supp. 1,8.) Penal Code section 1466, subdivision (1)(B), permits the People to appeal from an order dismissing or otherwise terminating all or any portion of an action. Respondent, in reliance on People v. Rawlings (1974) 42 Cal.App.3d 952, 117 Cal.Rptr. 651, asserts that the order is not appealable because it was an adverse ruling from an informal pretrial proceeding. Respondent acknowledges in her brief that the weight of appellate authority is contrary to Rawlings and permits an appeal by the People where the trial court's pretrial evidentiary ruling suppressing or excluding evidence results in a dismissal of the action.
We will now address the merits of the appeal, that is, did the trial court err in finding that respondent's admission of driving the vehicle was excludable because appellant failed to establish the elements of the crime of driving under the influence of alcohol. Appellant and respondent submitted the matter to the trial court on the following stipulated facts.
"April 1st, about 1:30 in the afternoon, Interstate 605, the vehicle was registered to my client, legally parked because of a flat tire. Highway Patrol observes this, pulls behind the vehicle and sees an individual identified asVictor Damm is his correct namechanging a tire to that vehicle. I believe the Highway Patrol officer asks Mr. Damm whether he was driving. Mr. Damm says he wasn't driving, that it was my client that was driving the vehicle. The Highway Patrol officer contacts my client who was in the passenger seat of the vehicle. . . . And during his contact he establishes from my client through her own admissions that she was driving the vehicle."
"In addition to that your honor, the officer made observations of the gentleman that was changing the tire and noted all of the objective signs of intoxication on that gentleman as well. And in speaking with the officer, they were both clearly intoxicated."
To establish the elements of driving under the influence of alcohol, the prosecution must prove that (1) a person, (2) while under the influence of alcohol, (3) drove a vehicle. (CALJIC No. 16.830.) "`In any criminal prosecution, the corpus delicti must be established by the prosecution independently from the extrajudicial statements, confessions or admissions of the defendant.' [Citations.] Such independent proof may consist of circumstantial evidence [citations], and need not establish the crime beyond a reasonable doubt [citations] . . . . [¶] . . . The amount of independent proof of a crime required for this purpose is quite small; we have described this quantum of evidence as `slight' [citation] or `minimal' [citation]. The People need make only a prima facie showing `"permitting the reasonable inference that a crime was committed."' [Citation.] The inference need not be `the only, or even the most compelling, one . . . [but need only be] a reasonable one. . . .' [Citation.]" (People v. Jones (1998) 17 Cal.4th 279, 301-302, 70 Cal.Rptr.2d 793, 949 P.2d 890, original italics.)
Here, based on the stipulated facts, along with the low quantum of proof necessary to establish the corpus delicti rule, we *933 conclude appellant made such a showing in this case. The undisputed facts here establish circumstantially the elements of the driving of the vehicle by an intoxicated person. (See People v. Wilson (1985) 222 Cal.Rptr. 540, 176 Cal.App.3d Supp. 1, 9.) The vehicle was observed parked on the side of the highway with a flat tire. A reasonable inference to be drawn from these facts is that the flat tire occurred while someone was driving the vehicle. The facts contained in the stipulation do not support a contrary finding. Additionally, it is undisputed that the only two individuals in the vicinity of the vehicle were both under the influence of alcohol. The record is devoid of any evidence to support the inference respondent or Victor Damm consumed alcoholic beverages after the vehicle was parked. There are no references in the stipulation to empty containers or cups in or around the vehicle, nor is there evidence to support a finding that respondent and Victor Damm were transported to the location of respondent's disabled vehicle by someone else. A reasonable inference to be drawn is that one of the two individuals, respondent or Victor Damm, was behind the wheel of respondent's vehicle before it sustained the flat tire.
The identity of the driver is not an element of the corpus delicti. Respondent was not required to establish who was driving the vehicle as a condition precedent for the admissibility of the statement. "Proof of the corpus delicti does not require proof of the identity of the perpetrators of the crime, nor proof that the crime was committed by the defendant. [Citations.]" (People v. Cobb (1955) 45 Cal.2d 158, 161, 287 P.2d 752; CALJIC No. 2.72.) Once appellant established that a reasonable inference to be drawn from the evidence was that a person under the influence of alcohol drove the car on the highway, appellant was entitled to use respondent's extrajudicial statement to establish that respondent was the driver. The trial court erred when it concluded that because other reasonable inferences could be drawn from the evidence, appellant had failed to establish the elements of the crime.
Respondent's reliance on People v. Nelson (1983) 189 Cal.Rptr. 845, 140 Cal. App.3d Supp.1, and People v. Moreno (1987) 188 Cal.App.3d 1179, 233 Cal.Rptr. 863, is not persuasive. We find Nelson to be factually distinguishable in that, unlike this case, there was evidence that only one of the two individuals was intoxicated. Moreno appears to be inconsistent with the reasoning of People v. Jones, supra, 17 Cal.4th 279, 70 Cal.Rptr.2d 793, 949 P.2d 890 insofar as it infers that the People are required to eliminate all other reasonable inferences. We find People v. Scott (1999) 76 Cal.App.4th 411, 90 Cal.Rptr.2d 435 more persuasive and elect, pursuant to Auto Equity Sales Co. v. Superior Court (1962) 57 Cal.2d 450, 20 Cal.Rptr. 321, 369 P.2d 937, to follow its reasoning.
The order dismissing the complaint is reversed.
BEVERLY, P.J., and KRIEGLER, J., concur.
NOTES
[1] We note for the record that a companion statute enumerating the circumstances under which the People may appeal a felony can be found in Penal Code section 1238. Additionally, we note that section 1238, subdivision (a)(8), is identical to Penal Code section 1466, subdivision (1)(B). Considering that both parties referenced both sections without noting the distinction, we treat all references to the former as the latter.