**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO ENRIQUE SUAREZ HERRERA, | No. 14-72366 |
| Petitioner, | Agency No. A089-858-856 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2017**
San Francisco, California

Before: GRABER and N.R. SMITH, Circuit Judges, and ROSENTHAL,*** Chief District Judge.

Hugo Enrique Suarez Herrera, a citizen and native of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) order dismissing his appeal

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

from an immigration judge's decisions to deny his motion to suppress and to deny his claims for withholding of removal and protection under the Convention Against Torture.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.  The BIA did not err in affirming the immigration judge's decision to deny Herrera's motion to suppress Forms I-213 and I-831.  The Fourth Amendment exclusionary rule does not generally apply in removal proceedings unless the violations leading to the discovery of the challenged evidence "were sufficiently egregious."  *Orhorhaghe v. INS*, 38 F.3d 488, 501 (9th Cir. 1994); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050–51 (1984).  The facts here do not meet this standard.  Herrera was found sleeping in his car very late at night and admitted drinking at a party to the point of being so drunk that he slept in the car.  The BIA properly concluded that the police officers arrested him for driving under the influence, not because they divined his ethnicity or immigration status.  *See People v. Wilson*, 222 Cal. Rptr. 540, 545 (App. Dep't Super. Ct. 1985) (holding that the element of "driving" may be established through circumstantial evidence).

Additionally, the evidence of Herrera's alienage was not subject to exclusion, because it was obtained by an independent source.  *See United States v. Guzman-Bruno*, 27 F.3d 420, 421–22 (9th Cir. 1994).  In his declaration, signed

2

nearly two months after the incident, Herrera conceded that he was born in Mexico and had no legal status in the United States. He later admitted his alienage to a Department of Homeland Security officer. No record evidence shows that he made these admissions under force or duress. Herrera was not entitled to be informed of his procedural rights before he answered the Department of Homeland Security questions because he had not been placed in "formal proceedings." *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 901 (9th Cir. 2009). Herrera's admissions of alienage to the police officers, to the immigration officer, and in his declaration provide independent grounds for denying his motion to suppress.

2. Herrera claims a right to withholding of removal based on his membership in a social group consisting of those believed to have money. But "[p]erceived wealth" is too amorphous to be particular, *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016), and it does not define a discrete class of people that meets the "social visibility" standard, *Reyes v. Lynch*, 842 F.3d 1125, 1135–38 (9th Cir. 2016), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Aug. 11, 2017) (No. 17-241).

3. Substantial evidence, including the number of years since the mistreatment of Herrera's family, as well as his testimony that the police in Mexico had investigated multiple incidents of harm and harassment, supports the BIA's

decision to deny protection under the Convention Against Torture. Herrera failed to establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if he returned to Mexico. *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED**.