Filed 8/19/25  In re D.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re D.M., a Person Coming Under the Juvenile Court Law. | C102428 |
| THE PEOPLE, | (Super. Ct. No. JV141528) |
| Plaintiff and Respondent, | |
| v. | |
| D.M., | |
| Defendant and Appellant. | |

In this corpus delicti case, minor and appellant D.M. told police officers the handgun they found in his girlfriend's bedroom belonged to him.  The juvenile court found that minor possessed the firearm, declared minor a ward of the court, and placed him on probation.  On appeal, minor contends the juvenile court's finding violated the corpus delicti rule because no independent evidence established that a crime of illegal firearm possession had been committed.  We disagree and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

While executing a search warrant at girlfriend's home, police officers found a handgun in girlfriend's bedroom.

Officers detained minor, girlfriend, and at least three others who were present during the search. An officer explained to minor that girlfriend was under arrest because they found a firearm in her bedroom. Minor told the officer that the firearm belonged to him and that he had been inside girlfriend's bedroom.

At the contested jurisdiction hearing, an officer testified that he authored several search warrants after seeing two social media accounts posting videos and pictures of firearms that he believed were illegally possessed. But neither account was associated with minor. One of the search warrants was for an individual unrelated to this case who lived at the home. Minor's mother testified that minor never lived at the home.

The district attorney filed a juvenile wardship petition alleging minor committed possession of a firearm (Pen. Code, § 29610). The juvenile court found beyond a reasonable doubt that the allegation in the petition was true. It declared minor a ward of the court and placed him on probation.

Minor timely appeals.

DISCUSSION

Minor contends the evidence independent of his admission failed to establish the corpus delicti of illegal firearm possession. We disagree.

Penal Code section 29610, subdivision (c) prohibits a minor from possessing any firearm. A minor's possession of a firearm can be actual or constructive. (*In re I.A.* (2020) 48 Cal.App.5th 767, 778.) Actual possession means the minor has immediate possession or control of the firearm; constructive possession means the firearm is not in the minor's physical possession, but the minor knowingly exercises a right to control the firearm, either directly or through another person. (*Ibid.*) "Possession of a weapon may

be proven circumstantially, and possession for even a limited time and purpose may be sufficient." (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.)

"In every criminal trial, the prosecution must prove the corpus delicti, or the body of the crime itself—i.e., the fact of injury, loss, or harm, and the existence of a criminal agency as its cause. In California, it has traditionally been held, the prosecution cannot satisfy this burden by relying *exclusively* upon the extrajudicial statements, confessions, or admissions of the defendant." (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1168-1169.) "[S]ome independent evidence of the crime to which the statements relate" is required. (*Id.*, at p. 1170.) Once the corpus delicti has been proved by independent evidence, the extrajudicial statements become admissible to determine the defendant's connection with the crime. (*People v. Ochoa* (1998) 19 Cal.4th 353, 404-405.) "This rule is intended to ensure that one will not be falsely convicted, by his or her untested words alone, of a crime that never happened." (*Alvarez*, at p. 1169.)

The independent proof of a crime required to establish corpus delicti is "quite small." (*People v. Jones* (1998) 17 Cal.4th 279, 301.) It may be circumstantial and need not be beyond a reasonable doubt. (*People v. Alvarez, supra*, 27 Cal.4th at p. 1171.) "The People need make only a prima facie showing ' "permitting the reasonable inference that a crime was committed." ' [Citations.] The inference need not be 'the only, or even the most compelling, one . . . [but need only be] a *reasonable* one . . . .' " (*Jones*, at pp. 301-302.)

"The identity of the individual committing the crime is not a part of the corpus delicti and, thus, the establishment of the corpus delicti does not require proof of the identity of the perpetrator or proof that the person charged committed the offense. [Citation.] Rather, all that need be shown is '*that a crime was committed by someone*.' " (*People v. Nelson* (1983) 140 Cal.App.3d Supp. 1, 3.) For example, "to make a prima facie showing of the corpus delicti in a case charging illegal possession of a narcotic, all

3

that is necessary is to show a reasonable probability of the unlawful possession of the narcotics by someone." (*People v. Cunningham* (1961) 188 Cal.App.2d 606, 610.)

Here, a police officer believed that social media postings showed illegal firearm possession took place at girlfriend's home and authored a search warrant on that basis. When the officers executed the search warrant, minor was at the home and the handgun was hidden in girlfriend's bedroom. Given girlfriend's close relationship with minor, it was reasonable to infer that minor had access to girlfriend's bedroom. This evidence satisfies the corpus delicti of firearm possession by a minor. (See *People v. Cunningham, supra*, 188 Cal.App.2d at pp. 608, 610-611 [the corpus delicti of illegal possession of narcotics was established by evidence showing the narcotics found in a bedroom were illegally possessed by someone using or having access to the bedroom].)

Minor contends there was no independent evidence that he actually or constructively possessed the handgun. But this is immaterial as identity forms no part of the corpus delicti. (*People v. Rosales* (2014) 222 Cal.App.4th 1254, 1260.) He also suggests the "most reasonable inference" was that the handgun belonged to the individual for whom the search warrant was issued. Yet, we do not look for the most compelling inference drawn from independent evidence, only a reasonable one. (*People v. Jones, supra*, 17 Cal.4th at pp. 301-302.) We additionally reject minor's contention that the handgun could be legally possessed by other people present or living at the home. The independent evidence is sufficient if it permits "an inference of criminal conduct, even if a noncriminal explanation is also plausible." (*People v. Alvarez, supra*, 27 Cal.4th at p. 1171.) Thus, even though the handgun could be legally possessed by an adult living at the home, its presence in girlfriend's bedroom still permits an inference of criminal conduct, namely, that it was illegally possessed by minor, who was present at the home when the handgun was found and who had access to the bedroom due to his close relationship with girlfriend. (See *People v. Towler* (1982) 31 Cal.3d 105, 116-117 [the

corpus delicti rule was satisfied even though the victim could have died from noncriminal causes].)

Minor's reliance on *People v. Stanford* (1959) 176 Cal.App.2d 388 and *People v. Sifuentes* (2011) 195 Cal.App.4th 1410 is misplaced. Both were sufficiency of the evidence cases where the court concluded that the defendant's presence alone was insufficient to support the jury's guilty finding of constructive possession of contraband. (*Stanford*, at p. 391; *Sifuentes*, at p. 1417.) They made no reference to the corpus delicti rule and did not discuss what may establish the corpus delicti of illegal firearm possession.

DISPOSITION

The juvenile court's order adjudging minor a ward of the court is affirmed.


         /s/                        
         MESIWALA, J.


We concur:


  /s/                      
HULL, Acting P. J.


  /s/                      
ROBIE, J.