Filed 9/18/14  P. v. O'Neal CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DWAYNE ROBERT O'NEAL,<br><br>    Defendant and Appellant. | 2d Crim. No. B247285<br>(Super. Ct. No. 2011013807)<br>(Ventura County) |

      Dwayne Robert O'Neal appeals the judgment entered after a jury convicted him of driving under the influence causing injury (Veh. Code,[1] § 23153, subd. (a)).  The trial court suspended imposition of sentence and placed appellant on 48 months of formal probation with the condition that he serve 210 days in county jail.  Appellant contends the court erred in failing to grant his motion for acquittal (Pen. Code, § 1118.1) on the ground that the prosecution had failed to establish the corpus delicti of the charged offense.  We affirm.

STATEMENT OF FACTS

      Sheena Alvitre suffered serious injuries after being hit while riding her bicycle on Main Street in Ventura.  Craig and Debbie Lucas were riding bicycles behind

---

[1] All further undesignated statutory references are to the Vehicle Code.

Alvitre when the incident occurred. The Lucases were about 50 to 100 feet behind Alvitre when a passenger truck towing a fifth-wheel camping trailer travelling in the same direction passed to their left. As the truck was passing Alvitre, the rear right edge of the trailer "clipped" the trailer attached to the rear of Alvitre's bicycle "and she went down." The truck did not stop and continued driving east on Main Street. Neither of the Lucases was able to see who was driving the truck.

The Lucases stopped to help Alvitre and waited for the police to arrive. Several minutes later, the truck returned to the scene. Craig[2] testified that a man "came back with the [truck] and started talking to the police officers." Craig "figured it was the man [who was] driving the [truck]" when the accident occurred. Craig "wouldn't be able to recognize" the man and was unable to identify him in court. Debbie testified that she saw a man and woman return in the truck and that she was "[p]retty sure" the man was appellant, who she identified in court. Debbie did not actually see anyone step out of the vehicle.

Ventura Police Officer Rogelio Nunez was one of several officers who responded to the scene. Officer Nunez contacted appellant, who was seated on the curb with his wife Paula. Appellant identified himself as the driver of the truck. Appellant said that he was driving east on Main Street when "[h]e noticed a pod of bicyclists directly ahead of him, made a left-hand turning maneuver to clear the bicyclists, pulled back into the roadway and was told that a bicyclist was hit."

Appellant exhibited signs of intoxication and admitted he had been drinking. Officer Nunez conducted field sobriety tests and concluded appellant was intoxicated. The officer administered two preliminary alcohol screening tests. The first test indicated that appellant had a blood alcohol level of 0.159, while the second indicated a level of 0.17 percent. Appellant was arrested and taken to jail. Additional tests were administered and indicated that appellant still had a blood alcohol level of 0.17 percent. A scientist from the Ventura County Sheriff's Forensic Sciences Laboratory testified that

---

**2** We refer to the Lucases and Paula O'Neal by their first names for the sake of clarity and intend no disrespect.

the driver in a hypothetical mirroring the facts of the instant case would be impaired and unable to safely drive a motor vehicle.

Appellant testified in his own defense. He acknowledged drinking several beers on the morning of the incident. He believed, however, that he did not drink enough to be intoxicated and was capable of driving safely. He also believed he did not cause the accident, or even hit Alvitre; rather, he believed that Alvitre crashed after hitting the curb. He could not stop because there was no place to park, so he went around the block and returned to the scene.

Paula testified to her belief that the truck did not hit Alvitre. She inspected the truck and found no signs of a collision.

An accident reconstruction expert who testified on behalf of the defense opined it was "pretty unlikely" that the truck hit Alvitre. The expert concluded it was more likely that Alvitre ran into the curb by failing to turn when the road curved left.

DISCUSSION

At the close of the prosecution's case, appellant moved for an acquittal pursuant to Penal Code section 1118.1.[3] Appellant claimed among other things that the evidence independent of his extrajudicial statements was insufficient to establish the corpus delicti of the charged crime. In denying the claim, the court found: "[A]dmittedly there is not a lot of evidence independent of [appellant's] confession or statement or admission. He returns to the scene, is connected with the vehicle. Isn't seen to be driving. . . . The question is whether there is sufficient, independent evidence to connect him to being the driver of the vehicle. Some evidence is what is required. . . . Therefore, the [section 1118.1] motion is denied." Appellant contends the court erred in denying the motion. We conclude otherwise.

---

[3] Penal Code section 1118.1 provides in relevant part: "In a case tried before a jury, the court on motion of the defendant . . . , at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal."

"In every criminal trial, the prosecution must prove the corpus delicti, or the body of the crime itself—i.e., the fact of injury, loss, or harm, and the existence of a criminal agency as its cause. In California, it has traditionally been held, the prosecution cannot satisfy this burden by relying exclusively upon the extrajudicial statements, confessions, or admissions of the defendant. [Citations.]" (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1168-1169, italics omitted.) Our Supreme Court has recognized: "The purpose of the corpus delicti rule is to assure that 'the accused is not admitting to a crime that never occurred.' [Citation.] The amount of independent proof of a crime required for this purpose is quite small; we have described this quantum of evidence as 'slight' [citation] or 'minimal' [citation]. The People need make only a prima facie showing "'permitting the reasonable inference that a crime was committed."' [Citations.] The inference need not be 'the only, or even the most compelling, one . . . [but need only be] a *reasonable* one . . . .' [Citation.]" (*People v. Jones* (1998) 17 Cal.4th 279, 301-302 (*Jones*).)

The corpus delicti rule does not require proof of the perpetrator's identity. (*People v. Kraft* (2000) 23 Cal.4th 978, 1057.) "' . . . [E]very crime "reveals three component parts, *first* the *occurrence* of the specific kind of injury or loss . . . ; *secondly*, somebody's criminality (in contrast, e.g. to accident) as the source of the loss, —these two together involving the commission of a crime by *somebody*; and *thirdly*, the accused's *identity* as the doer of this crime." By the great weight of authority, the first two without the third constitute the *corpus delicti*.' [Citation.]" (*People v. Miranda* (2008) 161 Cal.App.4th 98, 107.)

Appellant was charged with violating subdivision (a) of section 23153, which provides in pertinent part that "It is unlawful for a person, while under the influence of any alcoholic beverage, to drive a vehicle and concurrently do any act forbidden by law . . . , which act . . . proximately causes bodily injury to any person other than the driver." To establish the corpus delicti of the crime, the prosecution thus had to make a slight or prima facie showing that someone who was intoxicated drove the truck and committed an illegal act that caused bodily injury to Alvitre.

4

We conclude that showing was made here. Appellant does not dispute he was intoxicated, or that the driver of the truck committed an illegal act that caused bodily injury.[4] Although no one saw who was driving the truck when the accident occurred, Debbie testified that she saw appellant and Paula return in the truck several minutes later. Craig testified that the man Debbie identified as appellant "came back with the trailer and started talking to the police officers." Paula was present when appellant spoke to Officer Nunez and did not dispute appellant's assertion that he was the driver.[5] This evidence gives rise to a reasonable inference that appellant was driving the truck when the accident took place. "' . . . [W]hen it is established by competent evidence that no one in the reasonable vicinity except the suspect acknowledges having been the driver of the car and the suspect has some demonstrable connection with the vehicle, it then becomes a reasonable inference from circumstantial evidence that the suspect was, in fact, the driver.' [Citation.]" (*People v. Scott* (1999) 76 Cal.App.4th 411, 418, italics omitted (*Scott*).) The truck was driven in a manner that suggested some impairment on the part of the driver and appellant was the only person linked to the truck who showed visible signs of an alcohol-related impairment. Moreover, the Lucases' testimony supports the inference that the driver of the truck caused Alvitre's injuries by failing to ensure he could pass her at a safe distance, as required under section 21750. This "slight" evidence suffices to establish the corpus delicti of the charged offense.

The cases appellant cites in support of his contrary position are either inapposite or are wrongly decided. In *People v. Nelson* (1983) 140 Cal.App.3d Supp. 1, 4, and *People v. Moreno* (1987) 188 Cal.App.3d 1179, 1190, the court found the corpus

_____

[4] Appellant was prosecuted on the theory that he violated section 21750, which provides that "[t]he driver of a vehicle overtaking another vehicle or a bicycle proceeding in the same direction shall pass to the left at a safe distance without interfering with the safe operation of the overtaken vehicle or bicycle."

[5] In arguing that the evidence was sufficient to show that appellant was the likely driver of the truck, the People assert that "[a]fter appellant returned to the area, the Lucases saw appellant attempt to approach the victim, and other people keeping appellant away from the victim." The People offer no citation in support of this assertion, and our review of the record discloses no such evidence.

delicti of drunk driving had not been established because there was no evidence eliminating other possible drivers. As we have noted, here there was evidence from which the jury could infer that appellant, and not Paula, was driving the truck when the accident occurred.

In any event, other courts have recognized that *Nelson* and *Moreno* were incorrectly decided to the extent they required the prosecution to affirmatively eliminate all other possible drivers. (*People v. McNorton* (2001) 91 Cal.App.4th Supp. 1, 6; *Scott, supra*, 76 Cal.App.4th at p. 418; *People v. Komatsu* (1989) 212 Cal.App.3d Supp. 1, 4-5.) As these cases make clear, the prosecution was not required to present evidence eliminating Paula as a possible driver of the truck. Rather, the prosecution merely had to present "slight" and "minimal" evidence sufficient to give rise to an inference that an intoxicated person was driving the truck when the accident occurred. (*Jones, supra*, 17 Cal.4th at pp. 301-302.) The evidence presented here is sufficient to make that showing. It is irrelevant whether different inferences can also be drawn from the evidence, even if they are more compelling. (*Ibid.*; *People v. Martinez* (2007) 156 Cal.App.4th 851, 856.) Appellant's motion for acquittal was properly denied.

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:



GILBERT, P. J.



YEGAN, J.

6

Kevin G. DeNoce, Judge

Superior Court County of Ventura

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, David A. Voet, Deputy Attorney General, for Respondent.